| | |
|---|---|
| 184 | 237 |
| 186 | 411 |

| | |
|---|---|
| 184 | 237 |
| 23 SC | ¹366 |

| | |
|---|---|
| 184 | 237 |
| 211 | ¹168 |

</div>

## Leonard Rauwolf *v.* James E. Glass, Appellant.

*Judgment—Conclusiveness of—Equity.*

So far as the issues in a case are directly passed upon, whether principal or subordinate, they will be regarded as adjudicated, and the judgment concludes not only the technical fact in issue, but also every component fact necessarily involved in its determination.

A bill in equity to declare an agreement void for fraud in its making, and to enjoin further proceedings on a judgment in replevin, cannot be sustained where it appears that the question of fraud in making the agreement was passed upon by the jury in the replevin suit in determining title to the property in controversy, and that the verdict of the jury could not have been rendered as it was without an express finding that no fraud existed.

Argued Nov. 4, 1897. Appeal, No. 157, Oct. T., 1897, by defendant, from decree of C. P. No. 2, Allegheny County, April Term, 1896, No. 123, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity to cancel an agreement, and to restrain proceedings upon a judgment. Before WHITE, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* among others was decree awarding an injunction.

*D. T. Watson* and *W. W. Thomson*, with them *James W. Prescott*, for appellant.—The court below sitting as a court of equity, had no power, under the circumstances in this case, to interfere with or restrain the judgment in any manner, and it for that reason should have dismissed the bill at the plaintiff's costs:

Given's App., 121 Pa. 266; Frauenthal's App., 100 Pa. 290; Pennock v. Kennedy, 153 Pa. 579; McClain's Est., 180 Pa. 231; High on Injunctions, sec. 171; Meredith v. Benning, 1 Hen. & M. (Va.) 585; Smith v. Lowry, 1 Johns. Chan. 320; Bachelder v. Bean, 76 Me. 370; Moran v. Woodyard, 8 B. Mon. 537; Holmes v. Steele, 28 N. J. Eq. 173; Muscatine v. Mo. & Miss. R. R., 1 Dill. 536; Payne v. O'Shea, 84 Mo. 129; Watts v. Frazer, 80 Ala. 186; Zellerbach v. Allenberg, 67 Cal. 296; Amador v. Mitchell, 59 Cal. 179; Gray v. Barton, 62 Mich. 186; Collins v. Butler, 14 Cal. 223; Davis v. Bass, 4 Ind. 313; Matson v. Field, 10 Mo. 100; Black on Judgments, sec. 366; Ross v. Wood, 70 N. Y. 8; Cotzhausen v. Kerting, 29 Fed. Rep. 821; Bailey v. State Savings Bank, 24 S. E. Rep. 40; Starnes v. Mut. L. & B. Co., 24 S. E. Rep. 138; Link v. Link, 48 Mo. App., 345; Norwegian Plow Co. v. Bollman, 66 N. W. Rep. 292; Clark v. Lee, 59 N. W. 970; Friese v. Hummel, 37 Pac. Rep. 458; Sanford v. Weeks, 50 Kan. 335; Corley v. McKeag, 57 Mo. App. 415.

Where the action is upon the identical claim or demand between the same parties, a judgment of a court of competent jurisdiction upon the merits of a material question, constitutes an absolute bar to a subsequent action in the same or in any other court: Hamner v. Griffith, 1 Grant, 196; Rockwell v. Langley, 19 Pa. 502; Tams v. Lewis, 42 Pa. 410; Gordinier's App., 89 Pa. 528; Weigley v. Coffman, 144 Pa. 496; Brewster's Equity Pr. sec. 6095; W. S. Bank v. Town of Solon, 136 N. Y. 479; Jennison v. W. Springfield, 13 Gray, 544; Haneman v. Pile, 161 Pa. 604; Gilbert v. Thompson, 9 Cushing, 348; Outram v. Norewood, 3 East. 345; Cromwell v. County of Sac, 94 U. S. 352; Johnson Co. v. Wharton, 152 U. S. 258; Burlen v. Shannon, 99 Mass. 202; Green v. Bogue, 158 U. S. 478; Schriver v. Eckenrode, 87 Pa. 215; Lewis' App., 67 Pa. 165; Schwan v. Kelly, 173 Pa. 66; Southern Minn. Ry. Ext. Co. v. St. Paul & S. C. R. R. Co., 55 Fed. Rep. 690; Stockton v. Ford, 18 How. 418; Campbell v. Rankin, 99 U. S. 261; Nesbit v. Riverside Ind. Dist., 144 U. S. 610; Radford v. Folsom, 3 Fed. Rep. 199; Dowell v. Applegate, 152 U. S. 344; Duchess of Kingston's Case, 2 Smith's Lead. Cas. *784; Lumber Co. v. Buchtel, 101 U. S. 638.

*J. H. Wise*, with him *W. E. Minor*, for appellee.—A replevin

case is one where the court passes upon the law, and the jury upon the facts, and is not a case in which one can receive the best equitable relief. In the trial of the replevin case, technical points were submitted to the jury, such as they could not comprehend if they had so desired. It will be seen at once by authorities hereafter cited, that relief in equity cannot be very well had or obtained in an action at common law, especially in trover or replevin cases: King v. Chase, 15 N. H. 15; Blackmore v. Gregg, 10 Watts, 222; Nason v. Blaisdell, 36 Am. Dec. 331; Caperton v. Schmidt, 26 Cal. 479; Towns v. Nims, 5 N. H. 259.

An action to be conclusive must be upon the precise point: Bullers' N. P. 244; Starkie on Ev. 190; Hitchin v. Campbell, 2 W. Blackstone, 831; Mallett v. Foxcroft, 1 Story, 474; Wadleigh v. Veazie, 3 Sum. 166.

The denial of relief because of prior adjudication at law is limited to cases where the party had the opportunity in which he might have availed himself of his equities: Schwan v. Kelly, 173 Pa. 65; Wistar v. McManes, 54 Pa. 318; Emery v. Patton, 9 Phila. 125; Mitchell on Motions and Rules, 74; 2 Brewster Pr. 1339; Steiner v. Scholl, 163 Pa. 465; Skilton v. Webster, Brightly, 203; Kirkpatrick v. McDonald, 11 Pa. 387; Bank of U. S. v. Biddle, 2 Parson, 31.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1898:

The parties made an exchange, by written agreement, of a stock of goods in plaintiff's store for certain real estate of appellant, and this is a bill to declare the agreement void for fraud in its making, and to enjoin further proceedings on a judgment in replevin obtained by appellant for the goods in the store. The answer sets up the judgment in replevin as an adjudication on the question of fraud and, therefore, a bar to the present bill.

It is open to very serious question whether the filing of a bill to restrain a judgment on grounds existing and known prior to the judgment is not of itself a necessary admission of the identity of subject-matter in the two proceedings. But in the present case the identity in fact is too clear for question. After the signing of the agreement the present plaintiff, becoming dissatisfied, refused performance, and thereupon the appellant, alleging that title to the goods in the store had passed by de-

livery, brought replevin for them and obtained a verdict. The defense was that there had been no delivery and, secondly, that the agreement was void on account of fraudulent misrepresentations. The latter is the exact ground of the present bill, and its identity with what was decided in the replevin appears in the opinion of this Court, where it is stated by the Chief Justice, " one of the two main questions of fact presented by the testimony in this action of replevin was whether in procurement of the agreement . . . . misrepresentation and fraud were practiced. . . . Both questions were submitted to the jury. . . . The verdict is necessarily predicated of their finding that there was no fraud." And a review for the purposes of this case of the evidence and the judge's charge in the replevin, Glass v. Rauwolf, 172 Pa. 655, satisfies us that the summary of the issue by this Court above quoted, was exactly accurate. If the jurors in the replevin had taken the same view of the evidence that the learned court below did in this case, they must of necessity have found a different verdict. When a jury and a judge have arrived at different conclusions on a question of this kind, the natural presumption will be that the latter is right, especially in the case of so experienced and capable a judge as the late president of common pleas No. 2, of Allegheny county, but unfortunately for the plaintiff the jury passed on the question first, and their verdict, undisturbed by the court, settled it once for all between these parties. It is of no avail that the plaintiff in the present proceeding produced some new and additional evidence. The issue was the same, and it is the issue, not the evidence, which is concluded by the former adjudication.

The learned court below was of opinion that the issue in the replevin was the title to the goods, and that the question of fraud was merely collateral, and therefore was not concluded. But the issue of fraud can in no proper sense be called collateral. True, the issue in terms was the title of the plaintiff to the goods, but that title, as asserted in the action, depended absolutely and exclusively on the questions of fraud and delivery. The fraud was directly involved, and the verdict of the jury could not have been rendered as it was without an express finding that no fraud existed. This was sufficient. A judgment concludes, not only the technical fact in issue, but also every component fact necessarily involved in its determination :

Weaver v. Lutz, 102 Pa. 595. "There may be one or many issues in a case, and so far as they are directly passed upon, whether principal or subordinate, they will be regarded as adjudicated:" 21 Am. & Eng. Ency. of Law (1st ed.), 185. "Any conclusions which a court or jury must evidently have arrived at in order to have reached the judgment or verdict rendered will be fully concluded:" 21 Am. & Eng. Ency. of Law, 193.

Decree reversed and bill directed to be dismissed with costs.