(24 Misc. Rep. 196.)

CAMPBELL v. LUMLEY.

(Supreme Court, Appellate Term. July 1, 1898.)

1. DEFAULT JUDGMENT—VACATING.

Upon an application to the appellate term of the supreme court to set aside a municipal court judgment, under Code Civ. Proc. § 3064, taken upon the defendant's failure to appear, it appeared that prior to the adjourned day the plaintiff's counsel agreed to a further adjournment if the defendant's husband would come to court at the date fixed, and state that the defendant was unable to appear on account of the sickness of her child. The husband attended accordingly, and made the excuse, but the adjournment was opposed by plaintiff's counsel, who introduced evidence to contradict the statement, and after evidence on the merits judgment was entered in the absence of defendant and of her counsel, who had remained away in reliance upon the agreement. *Held* that, apart from the question of the child's illness, the circumstances furnished a sufficient excuse for defendant's failure to appear, and that manifest injustice had been done.

2. APPEARANCE—WHAT CONSTITUTES.

The fact that a layman who is merely authorized to attend court to present an excuse for defendant's absence goes upon the stand, and testifies in her behalf, in the absence of herself and her attorney, does not constitute an appearance at the trial, by the defendant.

Appeal from Eleventh district court.

Action by Jackson R. Campbell against Belle M. Lumley. From a judgment in favor of plaintiff, defendant appeals, and also moves to set aside the judgment, and for a new trial. Judgment set aside.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William D. Tyndall, for appellant.
Francis Duffy, for respondent.

GIEGERICH, J. The defendant seeks to set aside the judgment, which she claims was entered against her in favor of the plaintiff by default. An appeal having been taken from such judgment, and the return having been filed, we are authorized to entertain the motion. Kellock v. Dickinson, 5 App. Div. 515, 39 N. Y. Supp. 38. That portion of the appeal from the order denying the motion to open the defendant's default is ineffectual, for the reason that an order of the justice of a municipal court denying a motion to open a default is not appealable. Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238. See Greater New York Charter, § 1367; Laws 1896, c. 748, amending section 1367 of the consolidation act. The defendant, so far as the alleged default is concerned, is, therefore, remediless, unless afforded relief under section 3064 of the Code of Civil Procedure, which applies to appeals from the municipal court of the city of New York. Code Civ. Proc. § 3213; Greater New York Charter, § 1367. The same provides:

"If the appeal is taken by a defendant, who failed to appear before the justice, either upon the return of the summons, or at the time to which the trial of the action was adjourned; and he shows, by affidavit or otherwise, that manifest injustice has been done, and renders a satisfactory excuse for his default; the appellate court may, in its discretion, set aside the judgment appealed from, or stay proceedings thereunder, and by order direct a new

trial, before the same justice, or before another justice of the same county, designated in the order, at such a time and place, specified in the order, and upon such terms as it deems proper."

These provisions were derived in part from section 366 of the Code of Procedure, the fourth clause of which was amended by inserting the clause, "either upon the return of the summons, or at the time to which the trial of the action was adjourned," in order to settle the conflict between Williams v. McCauley, 3 E. D. Smith, 120, and kindred cases, on the one hand, and Armstrong v. Craig, 18 Barb. 389, on the other, in accordance with the ruling in the last case. Throop's Ann. Code 1891, p. 784. Hardin, J., in giving the opinion of the court in Thomas v. Keeler, 52 Hun, 318, 320, 5 N. Y. Supp. 359, says the purpose of section 3064, supra, "was to provide a remedy for any fraud practiced, or improper means employed, by a party to induce his adversary not to appear before a justice, either on the return of the summons or at the time to which the trial was adjourned, or when such failure was occasioned by accident or mistake or other misadventure." It appears from the return and the averments contained in the affidavits submitted in behalf of the defendant that, after joining issue, the trial of the cause was adjourned from time to time, and until March 10, 1898; that on the day preceding said last-mentioned date the husband of the defendant, at the request of the latter's attorney, called upon the plaintiff's attorney, and informed him that his child was sick, and, unless its health improved, his wife would not be able to attend court on the following day; that said attorney promised to let the defendant's attorney know whether he would consent to an adjournment, and about half past 12 o'clock in the afternoon of the same day plaintiff's attorney telephoned to the defendant's attorney: "If Mr. Lumley will go to court to-morrow morning, and state his child is ill, and that Mrs. Lumley cannot leave home to attend court, I will let the case go over until Monday;" that the defendant's attorney thereupon telephoned Mr. Lumley the purport of the message so received, the latter, in reply, saying that he would attend court, and make the excuse for his wife; and that the attorney for the defendant, relying upon the said statement of the plaintiff's attorney, advised Mr. Lumley that he could likewise rely upon such assurance. It appears from the return that on the said 10th day of March, 1898, Mr. Lumley, who is neither an attorney nor an attorney's clerk, requested the justice to adjourn the trial because of his child's serious illness, and that the attorney for the plaintiff opposed the application on the ground that the child, as he was apprised, suffered no illness, and promising to produce a witness to that effect. Emma Wilson, who was formerly in the service of the defendant, was then called as a witness by the plaintiff, and testified that on the preceding day she had called at the residence of the defendant during the latter's absence therefrom, and found the child, who said he had been ill, but who had then entirely recovered, at play. Upon the conclusion of this witness' testimony, the court announced that it would go on with the case. It also appears from the uncontradicted averments contained in Mr. Lumley's affidavit that the justice, upon a

request being made, would not permit a message to be sent to the defendant's attorney as to the refusal of the court, notwithstanding plaintiff's attorney's acquiescence and willingness to adjourn and wait until 2 o'clock in the afternoon. The return further shows the plaintiff then proceeded to prove his alleged cause of action, i. e. for medical services, by his own testimony and by that of two additional witnesses. Mr. Lumley was the only witness called in behalf of the defendant, and his examination was conducted by the court. The testimony being then closed, the justice awarded judgment in favor of the plaintiff for the full amount claimed, with costs and extra costs.

While from the affidavits submitted by the defendant it appears that from the 5th to the 16th days of March, 1898, her three year old child was dangerously ill with la grippe and tonsilitis, with a tendency to pulmonary complications, and that it would have been manifestly improper for the defendant to have absented herself from the child at any time during the said 10th day of March, 1898, the affidavits read on behalf of the plaintiff tend to show that the illness of the defendant's child was not of such a character as to prevent her attendance in court, and that the consent of the plaintiff's attorney to adjourn the trial was conditioned solely upon the court's sanction thereof; yet, nevertheless, the inference is fairly deducible, and plausibly so, that the defendant's attorney was acting solely upon his honest understanding that the trial of the case would be postponed as before stated; that, reasonably relying thereon, he informed Mr. Lumley to attend court merely for the purpose of making a statement relative to the condition of the child, and, as a consequence, was induced to absent himself from the court on said above-mentioned date, and to make no preparation whatever for trial. Even aside from the illness of the defendant's child, these considerations, to my mind, furnish a sufficient excuse for defendant's failure to appear at the time above mentioned (Armstrong v. Craig, supra), and a careful perusal of the affidavits presented convinces me that manifest injustice has been done.

The plaintiff insists that the cross-examination of witnesses by defendant's husband operated as an appearance for the defendant, and that hence the latter participated in a trial. The difficulty with this contention, however, is that Mr. Lumley had no authority whatever to represent his wife upon said occasion, except for the purpose of making a statement to the court respecting the condition of the child. There was, therefore, no appearance by the defendant. Armstrong v. Craig, supra. In the last case, C. L. Allen, J., speaking for the court (at page 390), says: "When may it be said that a defendant fails to appear? When neither he nor his authorized attorney attends the trial and takes part in it."

The judgment should therefore be set aside, and a new trial directed in the municipal court in the city of New York, borough of Manhattan, Eleventh district, with costs to the appellant to abide the event. All concur.