## BEEBE v. NASSAU SHOW-CASE CO.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

1. APPEALABLE ORDER.

An order of the municipal court of New York City refusing to open a default is not appealable, the remedy being by appeal from the judgment, under Code Civ. Proc. § 3064, and Greater New York Charter, § 1367, authorizing the appellate court, on appeal from a default judgment of such court, to set the judgment aside, and award a new trial, on good cause shown.

**2. SAME—REFUSAL TO OPEN DEFAULT.**
Laws 1896, c. 748, and Greater New York Charter, § 1367, providing for an appeal from an order opening a default, do not make an order refusing to open one appealable.

Appeal from municipal court of New York.

Action by Dillon Beebe, Jr., against the Nassau Show-Case Company. From an order denying its motion to vacate a default, defendant appeals. Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederick W. Mattocks, for appellant.
Henry J. McCormick, for respondent.

PER CURIAM. The defendant moved, upon affidavits excusing its default, to have the judgment entered in the action set aside. The plaintiff opposed the motion upon affidavits, and, if we were authorized to review the question, we should have no hesitancy in agreeing with the disposition of the case made by the court below. The order, however, is not appealable. The practice in these cases is regulated by statute, and there must be statutory authority for an appeal, or no jurisdiction is conferred upon an appellate tribunal to review the same. Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238. The defendant is not aided by section 1367 of the Greater New York Charter, or by Laws 1896, c. 748. Therein is provided a right of appeal from an order opening a default, and it is required that such order shall recite the grounds upon which the same was granted. But no authority exists giving the right of appeal from an order which denies a motion to open a default. Under such circumstances the only remedy of the party is by an appeal from the judgment, as provided in section 3064 of the Code of Civil Procedure. Kellock v. Dickinson, 5 App. Div. 515, 39 N. Y. Supp. 38. By virtue of the provisions of section 1367, Greater New York Charter, the article of the Code in which the above section is found is made applicable to appeals from the municipal court. The practice in this respect is correctly set forth in Campbell v. Lumley, 24 Misc. Rep. 196, 52 N. Y. Supp. 684. It follows that the appeal should be dismissed.

Appeal dismissed, with $10 costs and disbursements.