### McCOTTER v. FLINN.

(Supreme Court, Appellate Term. December 28, 1899.)

1. JUDGMENT—RES JUDICATA—LANDLORD AND TENANT—RENTS.
  Where a landlord obtained judgment by default in dispossess proceedings based on the nonpayment of rent, the tenant is precluded, in a subsequent action to recover the unpaid rent, from invoking a prior surrender and acceptance of the lease, as such judgment is conclusive between the parties as to the relationship of landlord and tenant.

2. SAME—CONSTRUCTIVE SERVICE.
  Under Code, § 2240, subd. 3, providing that, when personal service of the precept in a summary proceeding for land cannot be made, service may be made by affixing a copy of the precept on a conspicuous part of the premises, a judgment rendered on such service is equally as conclusive as if rendered on personal service.

Appeal from municipal court, borough of Manhattan, Third district.

Action by William I. McCotter against Joseph A. Flinn. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph M. Williams, for appellant.
Adolph Freyer, for respondent.

LEVENTRITT, J. This action was brought to recover rent for the months of June, July, August, and September, 1897. The only question litigated was the alleged surrender and acceptance of the premises on the 20th day of June, 1897. On this issue the defendant prevailed. There was introduced in evidence by the plaintiff the judgment roll in dispossess proceedings instituted in September, 1897, against the defendant, and which resulted in an order awarding to the plaintiff the possession of the premises. It appears from the petition that these proceedings were based upon the nonpayment of rent for the four months covered by the complaint in this action. The plaintiff contended below, as he does here, that the adjudication in the summary proceedings is conclusive upon the de-

fendant, as showing the continuance of the relationship of landlord and tenant, and that he is therefore precluded from invoking a surrender and acceptance. The defendant seeks to overcome the force of this contention by urging that the judgment in the summary proceedings was by default, and that there was no personal service of the precept, a copy of it having been affixed upon a conspicuous part of the property. Neither reason is sound.

A judgment taken by default in summary proceedings by a landlord for nonpayment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805; Brown v. Mayor, etc., 66 N. Y. 385. The defense of a surrender and acceptance in June is therefore unavailing against an adjudication in September of an uninterrupted possession until that time.

As to the question of service, it is sufficient to say that the statute, recognizing that summary proceedings are essentially in rem, provides for a satisfactory means of constructive service (Code, § 2240, subd. 3), which is not violative of the tenant's rights. Not only was he a resident, but in possession of the very premises the recovery of which was sought, and it seems reasonable and probable that affixing a copy of the precept upon a conspicuous part of the property advised the tenant of the proceedings, and afforded him an opportunity to defend. The judgment, therefore, was equally conclusive as if it had been rendered on personal service. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

MacLEAN, J. I concur in the reversal of the judgment, because the judgment entered upon default established the existence of a valid lease, the relation of landlord and tenant, and an indebtedness, in some amount, for rent. The objection to the manner of service of the precept, being merely an attempt to raise a collateral issue, is not, in my opinion, to be entertained upon this appeal.