(36 Misc. Rep. 186.)

TIERNAN v. DAVENPORT et al.

(Supreme Court, Appellate Term. October, 1901.)

DEFAULT JUDGMENT—SETTING ASIDE.

Under Code Civ. Proc. § 3064, providing that on appeal by defendant from a judgment by default a justice of the appellate court may set aside the judgment on showing that injustice has been done, which section is made applicable to the municipal court of the city of New York, the appellate court can set aside an order of such court by which defendants are dispossessed, where they show that manifest injustice was done them by the default judgment, and render a satisfactory excuse for their failure to appear.

Appeal from municipal court of city of New York.

Action by Frank Tiernan against Jonathan Davenport and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GIL- DERSLEEVE, JJ.

Charles A. Perkins, for appellants.

Judson G. Wells, for respondent.

FREEDMAN, P. J. This is a motion to set aside a final order made in summary proceedings in favor of the landlord and against the tenants, entered upon their default for failure to appear at the time to which the trial had been adjourned after issue joined. This motion comes up with an appeal taken from the order aforesaid, and is made upon the ground that manifest injustice has been done to the tenants. This practice is provided for by section 3064 of the Code of Civil Procedure, made applicable to municipal courts by section 1367 of the charter (Laws 1897, c. 378). Campbell v. Lumley, 24 Misc. Rep. 196, 52 N. Y. Supp. 684. It appears that the trial had been set down for May 2, 1901, at 9:30 a. m., and that the tenants' default was taken almost immediately after that time. At 10 o'clock on the same morning the counsel retained by the tenants appeared in the belief that the court would not open before the last-mentioned time, and, finding that the tenants' default had already been taken, and that judgment had been entered against them, and the warrant signed, he immediately procured an order

to show cause why the default should not be opened, and the warrant vacated, and the tenants allowed to defend. This order to show cause was returnable the following morning, May 3d, and contained a stay of proceedings under the warrant. At that time the court, without deciding the motion to open the default, concluded to hear the testimony, and accordingly the parties proceeded as upon a regular trial. The following day, however, the court filed a decision denying the motion to open the default, and failing to pass upon the merits of the issues, and thereupon the warrant was executed. Under all the circumstances disclosed it sufficiently appears that manifest injustice has been done to the tenants, and that the case comes within the provision of the section of the Code before referred to.

Final order reversed, and a new trial ordered, with costs to the appellants to abide the event. An order of restitution is also granted, but without costs.

Final order reversed, and new trial ordered, with costs to appellants to abide event, and order of restitution granted, without costs. All concur.