### JOHNSON v. MANNING.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. APPEAL—ORDER OPENING DEFAULT—MUNICIPAL COURT ACT.
   The right of a plaintiff to appeal from an order of a justice of the municipal court opening a default and setting aside his judgment, which was abrogated by the municipal court act (Laws 1902, c. 580, § 257), was preserved as to pending causes at the time the act took effect by section 361 thereof, providing that the repeal of any law by such act should not impair or affect any rights previously existing, and that all actions commenced under laws so repealed might be prosecuted under such laws.

2. SAME—ORDER APPEALED FROM—RECITAL OF GROUNDS.
   Where a municipal court order opening a default and setting aside a judgment thereon did not contain a recital of the grounds on which it was granted, as required by Consolidation Act, § 1367, it was invalid.

Appeal from municipal court, borough of Brooklyn.

Action by Christina Johnson against John J. Manning. From an order of a justice of the municipal court vacating a judgment against defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George Gru, for appellant.
James T. O'Neill, for respondent.

JENKS, J. The petition of the defendant shows that the judgment was recovered upon default. Under the present practice such an appeal in the first instance would not lie. Section 257, Municipal Court Act (chapter 580, Laws 1902). But at the time this action was begun, and when the judgment was obtained, the plaintiff had the right of appeal from an order opening the default and setting aside his judgment. Beebe v. Nassau Show Case Co., 41 App. Div. 456, 58 N. Y. Supp. 769. I think that this right was preserved in this case by section

361 of the municipal court act. Without passing upon the various objections raised to the practice of the respondent, I think that there is one which is fatal. Section 1367 of the consolidation act (Laws 1882, c. 410; now repealed by the present municipal court act) provides that the order should recite the grounds upon which it was granted. I think that this requirement was substantial for the purpose of apprising the Appellate Court of the grounds of the decision brought up for review. As the present order fails to recite and to contain the grounds for it, I advise that it be reversed, unless within 10 days the respondent procure an amendment to the order.

Order of the municipal court reversed in accordance with the opinion of JENKS, J. All concur.