CHRISTINA JOHNSON, Appellant, *v.* JOHN J. MANNING, as President of LOCAL UNION No. 471 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Respondent.

*Appeal from the Municipal Court from an order opening a default — recital in such order of the ground upon which it was granted.*

The right of a person, who, prior to the time when the New York Municipal Court Act (Laws of 1902, chap. 580, § 257) took effect, had recovered a judgment in that court by default, to appeal from an order opening the default and setting aside the judgment, was preserved by section 361 of the Municipal Court Act.

Such an appeal no longer lies.

The failure of the order opening the default and setting aside the judgment to recite the grounds upon which it was granted, as required by section 1367 of the Consolidation Act, constitutes a fatal defect.

APPEAL by the plaintiff, Christina Johnson, from an order of the Municipal Court vacating and setting aside a judgment entered on the 11th day of October, 1901.

*George Gru,* for the appellant.

*James T. O'Neill,* for the respondent.

JENKS, J.:

The petition of the defendant shows that the judgment was recovered upon default. Under the present practice, such an appeal in the first instance would not lie. (Municipal Court Act [Laws

of 1902, chap. 580], § 257.)   But at the time this action was begun, and when the judgment was obtained, the plaintiff had the right of appeal from an order opening the default and setting aside his judgment.   (*Beebe* v. *Nassau Show Case Co.*, 41 App. Div. 456.)   I think that this right was preserved in this case by section 361 of the Municipal Court Act.   Without passing upon the various objections raised to the practice of the respondent, I think that there is one which is fatal.   Section 1367 of the Consolidation Act * (now repealed by section 364 of the present Municipal Court Act) provides that the order should recite the grounds upon which it was granted.   I think that this requirement was substantial for the purpose of apprising the appellate court of the grounds of the decision brought up for review.   As the present order fails to recite and to contain the grounds for it, I advise that it be reversed, unless within ten days the respondent procure an amendment to the order.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Order of the Municipal Court reversed, in accordance with the opinion of JENKS, J.

---

* Laws of 1882, chap. 410, as amd. by Laws of 1896, chap. 748.— [REP.