SCHRENKEISEN v. KROLL et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. MUNICIPAL COURT—JUDGMENT—DEFAULT—APPLICATION TO SET ASIDE—
   APPEAL.
      Under Municipal Court Act (Laws 1902, p. 1486, c. 580), providing that
   an appeal shall lie from an order granting or denying a motion to modify
   a judgment, except from an order opening a default and vacating a judg-
   ment entered thereon, an order denying a motion to open a default is
   appealable.

2. SAME—AFFIDAVITS.
      Where, on an application to open a default, counter affidavits tended to
   show that the defense sought to be availed of by defendants in their
   answer would be unavailing, an order denying the motion was proper.

8. SAME—ACTION FOR RENT—JUDGMENT—DISPOSSESSION—RES ADJUDICATA.
      Where defendants had defaulted in payment of rent sued for, and sum-
   mary proceedings had been instituted in which a final order had been
   rendered dispossessing defendants prior to the trial of the action for
   rent, such order was res judicata in the action for rent, and estopped
   defendants from claiming that they were not in possession at the time
   the rent accrued.

Appeal from Municipal Court, Borough of Manhattan, Tenth Dis-
trict.

Action by Martin Schrenkeisen against Samuel Kroll and another.
From a judgment of the Municipal Court of the City of New York
in favor of plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
GREENBAUM, JJ.

L. B. Boudin, for appellants.
J. J. Gleason, for respondent.

FREEDMAN, P. J. This is an appeal from an order made in
an action in the Municipal Court denying defendants' motion to open
their default. The pleadings in the action are verified, and are made
a part of the record on this appeal. The action was brought to re-
cover for two months' rent. The answer admits that the defend-
ants have not paid the rent for the two months sued for, but al-
lege as a defense that the premises were surrendered by them and
accepted by the landlord. Formerly an appeal from such an order
was not permissible (Beebe v. Nassau Show Case Co., 41 App. Div.
456, 58 N. Y. Supp. 769), but by section 257 of the New Municipal
Court Act (Laws 1902, p. 1563, c. 580) it seems to have been pro-
vided for. The trial of the cause had been adjourned several times,
and upon the last day set for trial the defendant again asked for an
adjournment, which was refused. He then filed an affidavit setting
forth that a material witness was sick and unable to attend, and, on
the refusal of the court to adjourn, defaulted. Subsequently he
made a motion to open such default.

If we assume that the affidavit which is made the basis of his ap-
plication to open the default be sufficient, of which there is grave
doubt, inasmuch as it fails to show any facts from which it can be
said the testimony of the absent witness was or might be material

upon the trial, or that it could be obtained, it nevertheless appears by the opposing affidavits—and those are not contradicted—that the defense set up by the defendants in their answer would be unavailing. The defendants had defaulted in payment of the rent sued for, and summary proceedings had been instituted, prior to the time of the trial of this action, which had resulted in a final order dispossessing them. Such proceedings were res adjudicata in this action, and formed a complete answer to the claim of the defendants that they were not in occupancy of the demised premises at the time the rent accrued. McCotter v. Flinn, 30 Misc. Rep. 119, 61 N. Y. Supp. 786. From the testimony submitted to the court upon this motion we cannot say that he erred in denying it, and the order must be affirmed.

Order affirmed, with costs. All concur.