(50 Misc. Rep. 620)

### LESSER v. KAHN.

(Supreme Court, Appellate Term. March 26, 1906.)

APPEAL—JUDGMENTS APPEALABLE—DEFAULT JUDGMENT.

> Except where no service of summons is made, an appeal does not lie from a default judgment; but, if a motion to open the default is denied, an appeal will lie from the denial.
>
> [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 766, 885–888.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Fred Lesser against Isaac Kahn. From a judgment in favor of defendant, plaintiff appeals. Dismissed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Nathaniel Levy, for appellant.
Sulzberger & Kringel, for respondent.

PER CURIAM. Except in cases where no service of the summons is made, an appeal does not lie from a judgment entered on default. The proper practice is to move to open the default. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240. If the motion be denied, an appeal will lie. Schrenkeinsin v. Kroll (Sup.) 85 N. Y. Supp. 1072. The affidavit presented to the justice as a ground for the adjournment of the trial was wholly insufficient. The affidavit on the motion to open the default did, however, present some excuse for the defendant's failure to appear. We incline to the view that the defendant should be allowed to present his defense, if he has one, although, as his answer stands at present, we cannot see that it raises any issue of fact. It certainly does not allege payment, which we infer from the affidavit is the defense intended to be relied upon.

The appeal from the judgment will be dismissed, with $10 costs. The order denying the motion to open the default will be reversed, and the cause directed to be tried, upon the payment by defendant to plaintiff's attorney within five days of the costs included in the judgment. No costs to either party upon appeal from the order, and the judgment already entered is to stand as security.