(51 Misc. Rep. 664.)

### DUTCH v. PARKER.

(Supreme Court, Appellate Term.   November 14, 1906.)

COURTS—MUNICIPAL COURT—APPEAL—ORDER OPENING DEFAULT.

By provision of Laws 1902, p. 1563, c. 580, § 257, an order of the Municipal Court opening a default and vacating the judgment is not appealable in the first instance.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by J. Fleming Dutch against Orrel A. Parker. From an order, defendant appeals. Dismissed.

See 97 N. Y. Supp. 966.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Henry S. Goodspeed, for appellant.

Marcus Helfand, for respondent.

PER CURIAM.   The order opening the default and vacating the judgment is not appealable in the first instance.   Laws 1902, p. 1563, c. 580, § 257.   See Johnson v. Manning, 80 App. Div. 368, 80 N. Y. Supp. 738.

The appeal is therefore dismissed, with costs.

---

### BURHANS v. HUDSON RIVER WOOD PULP MFG. CO.

(Supreme Court, Appellate Division, Third Department.   November 14, 1906.)

PLEADING—ANSWER—BILL OF PARTICULARS.

Where defendant in an action for breach of contract of employment alleged in his answer that plaintiff was rightfully discharged because, "for a long time previous thereto, he had persisted in a course of conduct antagonistic to defendants' superintendent and injurious to and destructive of discipline among the employés at defendants' works," plaintiff was entitled to a bill of particulars, specifying the nature and items of the "course of conduct" referred to in the answer, and the acts and omissions of plaintiff which were injurious to discipline whereby he failed and neglected to co-operate with the superintendent or antagonized him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–971.]

Appeal from Special Term.

Action by Frank Burhans against the Hudson River Wood Pulp Manufacturing Company. From an order denying plaintiff's motion for bill of particulars, he appeals. Reversed.

In this action the plaintiff claims that he was employed by the defendants as their assistant superintendent for one year from January 1, 1905, at an annual salary of $1,280, payable monthly, and that he was unlawfully discharged by them August 1, 1905; and he brings this action to recover damages for their breach of such contract. The defendants, answering, claim that such hiring was by the month, and not by the year. They also set up, as a further defense, that they discharged the plaintiff for "good cause." The plaintiff has demanded a "bill of particulars of this last defense set up in the answer," and upon the refusal of the defendants to deliver any such bill he has made this motion for the same. The court at Special Term denied the motion, with costs, and from the order entered thereon this appeal is taken.