**DAVID et al. v. NEMEROFSKY.**

No. 249.

Municipal Court of Appeals for the District of Columbia.

March 30, 1945.

Herman Miller, of Washington D. C., for appellants.

Goldie S. Paregol, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellants, husband and wife, owning certain real estate as tenants by the entireties, sued appellee for arrears of rent. He denied that he had ever been tenant of the property or liable for rent. He produced evidence indicating that although he was living with his family on the premises, his wife had been the responsible tenant.

Appellants produced the record and judgment in a prior suit for possession instituted by appellant husband alone against appellee, wherein the complaint alleged that the latter was a tenant by sufferance of the property involved. From this record it appears that after process was served the defendant appeared· by counsel, the case was set for trial, a finding and judgment were entered for the plaintiff therein, and stays of execution were granted at defendant's request.

Appellee disputes the conclusive effect of this judgment in the present case, claiming (a) that it was not shown by the record or by evidence dehors the record that there had been an actual trial, or that the issue of defendant's tenancy was actually litigated and determined, and (b) that the wife being an additional party to the instant action there is not the necessary identity of parties in the two suits.

■ The question here involves the application of the rule of res judicata to that class of cases where the causes of action are not identical and the judgment in the prior action is conclusive only as to the issues "litigated and determined." [1] But this does not imply that the binding effect of the adjudication extends only to those matters which have actually been controverted. It includes all facts alleged and necessary to support the judgment, and a judgment by default or confession is equally binding on the party against whom the estoppel is claimed.[2] In referring to this branch of the rule of res judicata it was said in Horine v. Wende, 29 App.D.C. 415:

"To determine, then, what has been adjudicated in the former litigation on which the claim of estoppel is founded, resort is had to the material facts alleged with certainty in the declaration or bill on which the plaintiff's right to recover is founded; and a general judgment thereon is conclusive of such facts. Hence a final judgment by default or upon demurrer is as efficacious as one rendered after contest between the parties."

The effect of a prior judgment for possession in such a proceeding as is involved here was stated in McCotter v. Flinn, 30 Misc. 119, 61 N.Y.S. 786, 787:

"A judgment taken by default in summary proceedings by a landlord for nonpayment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings."

[1] United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 67, 69 L.Ed. 262; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202. See Gill v. Gill, App.D.C., 147 F.2d 154.

[2] Trayhern v. Colburn, 66 Md. 277, 7 A. 459; Burlen v. Shannon, 99 Mass. 200, 96 Am.Dec. 733; Rauwolf v. Glass, 184 Pa. 237, 39 A. 79; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044; Outram v. Morewood, 3 East 346, 355.

Here the record discloses that both parties were represented by counsel; that a trial date was set; that a general trial finding was entered, followed by judgment for possession. The complaint alleged that the defendant was tenant of the property; and this was a necessary allegation under our statute governing the summary action for possession in landlord and tenant cases.[3] Unless the tenancy was established or admitted a valid judgment for possession could not have been granted.

That appellant's wife was joined with her husband as a party plaintiff in the present action does not render the judgment in the former suit inoperative as an estoppel. Res judicata is applied "as between the same parties or their privies," and appellant's wife should be so regarded. "Privity" is defined as "mutual or successive relationship to the same .rights of property." Adopting this definition, Greenleaf, in his Law of Evidence (15th Ed. Vol. 1, Sec. 189), accepts the usual subdivisions of privies in estate, privies in blood and privies in law. In his description of these classes, he states: "Thus, there are privies in estate, as donor and donee, lessor and lessee, and joint tenants."

Joint tenants are similarly included in the definitions of privies in estate in many decided cases.[4] In Litchfield, Adm'r, v. Crane, 123 U.S. 549, 8 S.Ct. 210, 211, 31 L.Ed. 199, the court, quoting in part from Greenleaf (Vol. 1, Sec. 523), said:

"'We have already seen that the term "privity" denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is that they are identified with him in interest; and whenever this identity is found to exist, all are alike concluded. Hence, all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity.' The correctness of this statement has been often affirmed by this court, (cases cited) and the principle has been recognized in many cases; indeed, it is elementary."

In Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911, 912, 43 A.L.R. 1079, it was held:

"The tenancy by entireties is essentially a joint tenancy, modified by the common-law theory that husband and wife are one person."

A full discussion of the incidents of estates by the entirety at common law is found in Fairclaw v. Forrest, 76 U.S.App. D.C. 197, 130 F.2d 829, 143 A.L.R. 1154.

The judgment in the action for possession inured equally to the benefit of the co-tenant by the entireties, the plaintiff's wife. This was so in fact as well as in law, for the complaint averred that plaintiff sought possession for the use and occupancy of himself and family. Appellee, defendant therein, was afforded the opportunity of defending and litigating every essential allegation of the complaint. The doctrine of res judicata, the inclusion of privies with the original parties, is founded on the policy of the law to end needless litigation, to prevent the retrial of issues once decided where parties have had the opportunity to be heard, to produce evidence and to cross-examine witnesses.[5] Failure to give a practical construction to the rule would be to sacrifice substance to form. This, we assume, was the underlying thought in Nemetty v. Naylor, 100 N.Y. 562, 3 N.E. 497, where the judgment in a summary action for possession, brought by one member of the landlord firm, was held res judicata in a later suit against all members. It found expression in Taylor v. Sartorious, 130 Mo.App. 23, 108 S.W. 1089, 1094, where a decision against a plaintiff as to the validity of a document, executed by the defendant and others, was held to be conclusive on him in his action against the other signers, and the court said:

"The question of who is concluded by a judgment has been obscured by the use of the words 'privity' and 'privies,' which in their precise technical meaning in law are scarcely determinative always of who is and who is not bound by a judgment. Courts have striven sometimes to give effect to the general doctrine that a judgment is only binding between parties and privies by extending the signification of the word 'privies' to include relationships not origi-

---

[3] Code 1940, § 11—735.

[4] Old Dominion Copper Min. & S. Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193, 40 L.R.A.,N.S., 314; Weston Lumber Co. v. Lacey Lumber Co., 123 Miss. 208, 85 So. 193, 10 A.L.R. 436; Hartley v. Phillips, 198 Pa. 9, 47 A. 929.

[5] Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A. L.R. 401.

nally embraced in it, whereas the true reason for holding the issue res judicata does not necessarily depend on privity, but on the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy."

While it is unnecessary for us to extend the doctrine to this limit because of the mutual interest of both plaintiffs in the subject matter of the present and former actions, it is manifest that in the prior suit the defendant here was afforded the opportunity of controverting the allegation that he was a tenant of the property and he either did controvert it unsuccessfully or permit it to remain unchallenged. Due regard for the policy of the law to end litigation after an issue has been finally determined and to maintain stability and consistency in its decisions should prevent any attempt to litigate anew an issue once decided.

Reversed.