**Milton BESS, Appellant,**

v.

**Zore M. DAVID, Appellee.**

No. 2123.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 20, 1958.

Decided April 15, 1958.

Frank R. Cook, Jr., Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In November 1956 appellee brought suit in the Landlord and Tenant Branch of the trial court against appellant for possession of a store, alleging that appellant held possession as a monthly tenant of appellee, and that appellee was entitled to possession because of appellant's default in payment of rent for the period from July 4, 1956, to December 4, 1956. Judgment for possession went against appellant by default. Thereafter appellant moved to set aside the judgment by default, tendering a proposed answer in which he alleged, among other things, that he was not a tenant of the store. On December 12, 1956, this motion was overruled for failure of appellant to appear. Appellant took no further action and appellee regained possession, though it is not clear from the rec-

ord just how or when possession was obtained.

Thereafter, on February 4, 1957, the present action was brought by appellee to recover rent from appellant for the period mentioned in the possessory suit plus one additional month, that is, the month ending January 4, 1957. Appellant's defense was mainly the same as that tendered in the possessory action, namely, that although he had previously been a tenant of the store, he was not a tenant during the period here involved. The trial court found against appellant and awarded judgment for the rent.

The evidence at trial regarding appellant's tenancy was far from clear. It seemed to establish that for the period in question the premises were occupied by one other than appellant, but left open the question whether the occupant held under appellant or under appellee. However, we think any question of appellant's tenancy is foreclosed by the judgment in the previous possessory action. In David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838, 839, we quoted with approval the following language from McCotter v. Flinn, 30 Misc. 119, 61 N.Y.S. 786, 787:

"A judgment taken by default in summary proceedings by a landlord for non-payment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings."

Under that ruling the judgment in the possessory action established appellant's tenancy for the period involved and his obligation for the rent. Appellant attempts to avoid the effect of David v. Nemerofsky on the ground that in that case there was personal service in the possessory action, whereas here service in the possessory action was not made personally on appellant but was effected by posting on the premises. But the record clearly shows that appellant had notice of the possessory action and appeared in that action in an attempt to set aside the default judgment. Having appeared in the case he cannot escape the effect of the judgment.

It is true that this action sought, and judgment was given for, one month's rent in addition to the period covered in the possessory action, but on the record before us we see no error in this.

Affirmed.