James E. CORPENING, Appellant,

v.

Carole A. CORPENING, Appellee.

No. 4743.

District of Columbia Court of Appeals.

Submitted Sept. 9, 1969.

Decided Nov. 7, 1969.

D.C.App., 190 A.2d 252 (1963) ; Brown v. Brown, D.C.Mun.App., 75 A.2d 140 (1950).

Mary M. Burnett, Washington, D. C., for appellant.

Carole A. Corpening, pro se.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge.

The trial court entered judgment against appellant, awarding appellee an absolute divorce and custody of and support for their child in the sum of $105 per month. Appellant appeals from that portion of the judgment which awarded support for the child on the ground that he was never personally served with process [1] and never appeared in court.

A hearing was held by the trial judge on this issue, at which time it was established that the marshal's return dated June 11, 1963, showed that copies of the complaint and summons were left with a Mrs. Bailey Greene at appellant's alleged usual place of abode, 1383 F Street, N. E., Washington, D. C. Appellant denied ever having lived at the F Street address although his relatives lived there.

However, appellant actually received the complaint and summons in the District of Columbia, had actual knowledge of the proceedings against him,[2] and had the opportunity to defend the action. An attorney appointed by the court filed an affidavit in lieu of answer stating that he had not received any response to his letters to the defendant (appellant)—one having been sent to the F Street address and accepted by one Claretta Horton, the other having been sent to the Air Force base where appellant was stationed, but returned refused.

Although Rule 4(c) (1), *supra* n. 1, was not strictly complied with, we agree that in the instant case, in light of the well established rule of liberal construction where a defendant has had actual notice and every opportunity to defend an action,[3] the trial court was not in error in holding that appellant was personally served with process.

Affirmed.

---

1. The D.C. Court of General Sessions Civil Rule on personal service is virtually identical to the Federal Rules of Civil Procedure Rule 4(d) (1). The local rule, 4(c) (1), reads as follows:

    (c) Summons: Personal Service. The summons and complaint shall be served together. Service shall be made as follows:

    (1) Upon an individual, other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house, or usual place of abode with some person of suitable age and discretion then residing therein, * * *.

2. After receiving the complaint and summons, appellant went to the office of appellee's counsel, as a result of a letter from counsel addressed to the F Street address, and discussed the pending divorce and custody action, and later sent a telegram from New York to appellee's counsel stating that she should proceed with the divorce action.

3. Nowell v. Nowell, 384 F.2d 951 (5th Cir.), cert. denied, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1967).