Cecil TUTT, Appellant,

v.

Lewis DOBY, Appellee.

No. 4956.

District of Columbia Court of Appeals.

Argued Feb. 16, 1970.

Decided May 5, 1970.

Richard B. Wolf, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Appellee-landlord filed a possessory action against appellant in the Landlord and Tenant Branch of the trial court based upon nonpayment of rent in the sum of $275. Service of the summons and complaint was had by posting copies thereof on the door of appellant's apartment. When appellant failed to appear on the return date, August 29, 1967, default judgment for possession was taken against him. Appellant thereafter voluntarily vacated the premises.

On November 19, 1968, appellee filed suit to recover from appellant the $275 arrearage in rent which had formed the basis for the possessory action. Appellant's defense was breach of contract, his argument being that because the use and enjoyment of his basement apartment was substantially

impaired by the landlord's failure to properly repair the premises, to his extreme discomfort and substantial damage, no rent was due. On the same theory appellant counterclaimed for the cost of repairs he was allegedly required to make when the landlord failed to do so, and for certain unspecified damages. This appeal is from an order of the trial court granting appellee's motion for summary judgment.

■ A judgment in a suit for possession, including one by default, is res judicata as to those issues litigated and determined therein in any subsequent suit for rent. Brown v. Southall Realty Company, D.C.App., 237 A.2d 834, 836 (1968); Bess v. David, D.C.Mun.App., 140 A.2d 316, 317 (1958); David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838, 839 (1945). Included litigated issues are the validity of the lease, the existence of the tenancy, and the fact that rent is due. Brown v. Southall Realty Company, *supra* 237 A.2d at 836, n. 2. We do have some doubt that res judicata would apply as to the actual amount of rent due in the isolated instance where there was no personal service in the suit for possession, no appearance by the tenant, and no evidence that the tenant had such notice of the suit that it could be said his default was the result of a voluntary and deliberate choice not to defend.[1] *Cf.*

Bess v. David, *supra* 140 A.2d at 317. But we have no doubt that if such had been the case here, appellant would have attested that fact in opposing a summary judgment motion.

■ Appellant had been a monthly tenant in the premises since November 7, 1960. His entire defense and his counterclaim are premised on the allegation that the landlord breached the lease contract each and every month for which rent is sought (April 7 to September 7, 1967) by failing to make repairs. Appellant concedes, however, that the validity of the lease and the existence of the tenancy is conclusively established by the prior action. Nowhere in the lease is there a covenant to repair, either by the landlord or by the tenant. And there is no contractual duty on the landlord, enforceable by the tenant, to maintain the premises in compliance with the Housing Regulations. Saunders v. First National Realty Corporation, D.C. App., 245 A.2d 836 (1968). We conclude, therefore, that appellant's defense to appellee's claim for rent is barred by the doctrine of res judicata and, further, that there is no basis in law for his counterclaim in contract for repairs he allegedly made or for damages allegedly resulting from the landlord's failure to repair.

Affirmed.

---

1. True, the amount of rent due should be determined by the trial judge in the possessory action so that the tenant may avoid eviction by tendering the arrearage, with interest and costs. Trans-Lux Radio ■ City Corp. v. Service Parking Corp., D.C. Mun.App., 54 A.2d 144 (1947). In a default, however, the amount alleged in the complaint is not contested.