Palmer GORDAN, Appellant,

v.

WILLIAM J. DAVIS, INC., a corporation, Appellee.

No. 5237.

District of Columbia Court of Appeals.

Argued Sept. 14, 1970.

Decided Oct. 21, 1970.

Willie E. Cook, Jr., Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a summary judgment granting the landlord (appellee) possession of real property for nonpayment of rent.

Appellant (tenant) entered into a month-to-month lease agreement on February 17, 1969. On two occasions, September 16, 1969 and November 13, 1969, default judgments for possession were entered against appellant. On both occasions appellant

subsequently paid the rental amounts due and remained in possession. Thereafter, on December 4, 1969, appellee (landlord) again filed suit for possession alleging non-payment of rent. On December 22, 1969, appellant filed an answer alleging, *inter alia,* (a) failure of personal service; (b) the lease agreement was null and void due to Housing Regulations violations existing on the premises at the inception of the lease; (c) that "[appellee] has rented and continues to rent the premises in violation of such regulations" thus materially breaching each month the lease agreement and vitiating appellant's obligation to pay rent thereunder; and (d) entitlement to a setoff at least equal to the rent alleged to be due because of damage to him and his family as a result of the condition of the premises.

Appellee then filed a motion for summary judgment alleging there existed no genuine issue of fact and claiming, essentially, that the two prior default judgments entered against appellant for possession constituted an adjudication of the validity of the lease rendering that issue res judicata and precluding as a defense the invalidity of the lease. The motion was granted over appellant's opposition and a judgment for possession was entered.

Appellant contends that though there were two prior default judgments entered against him in actions for the possession of the premises here involved the doctrine of res judicata should not be applied as to these actions. More particularly, he contends the default judgments should not prevent him from attacking here the validity of the lease agreement. In support he asserts, principally, that a default judgment, as distinguished from one resulting from active litigation, should not serve as the basis for application of the doctrine of res judicata; that the doctrine of res judicata (and collateral estoppel) should bow

to the stronger policy of affording defendants their day in court; and that neither res judicata nor collateral estoppel prevents a tenant from attacking the validity of a lease as a defense on a cause of action that arose from an alleged default in rent occurring subsequent to the prior default judgments. Appellant points to housing conditions in this city and recent laws to improve them and asserts there is a strong policy in favor of affording tenants the right to assure the landlord's compliance with the Housing Regulations. Appellant further asserts that due to faulty procedures existing in the Landlord and Tenant Branch of the trial court, judgments entered there in possessory actions should not be the later basis for application of the doctrine of res judicata. The policies of this jurisdiction guaranteeing its citizens safe and sanitary housing, and the methods to enforce these guarantees, says appellant, should outweigh the policies underlying the doctrine of res judicata.

Lastly, appellant argues that since a factual dispute existed on the validity of the service of process, and an allegation of setoff, there was a genuine factual issue and, therefore, summary judgment should not have been granted to the landlord.[1]

We have recently held that a prior default judgment in a suit for possession "is res judicata as to those issues litigated and determined therein * * *. Included litigated issues are the validity of the lease, the existence of the tenancy and the fact that rent is due." Tutt v. Doby, D.C.App., 265 A.2d 304, 305 (1970). Appellant would have us now hold to the contrary and disregard the prior default judgments notwithstanding that after the default judgments were entered appellant in both instances paid the back rent due and, so far as it appears, did not seek to have the default judgments vacated under G.S.Civ.R. 60(b).

---

1. Appellee first contended that appellant's answer to the complaint constituted a general appearance and therefore a waiver of any defect in the service but stated at oral argument that this is no longer an issue in the case. *See* G.S.Civ.R. 12(b); G.S.L & T R. 11.

What appellant seeks is to be free to attack the validity of the lease under our decision in Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968), due to alleged violations of the Housing Regulations of this city existing on the premises at the inception of the lease. But we could hardly entertain seriously appellant's proposition that we should carve out an area in Landlord and Tenant law and decline to apply there the doctrine of res judicata where there has been a default judgment in the Landlord and Tenant Branch of the trial court. To state the proposal is to answer it. Appellant is bound by the prior judgments and is not free to attack the lease at its incipiency due to alleged violations of Housing Regulations then existing. Tutt v. Doby, *supra*. Appellant may not get mileage by simply asserting that faulty procedures exist generally in the Landlord and Tenant Branch of the trial court. He would first have to establish in the record of the trial court that illegal procedures took place as to him.

But this does not end the matter as to the alleged housing violations. Appellant asserted in his answer to the complaint that "plaintiff has rented *and continues to rent* the premises in violation of such regulations [and] thereby *each month has materially breached the month-to-month agreement between the parties*." (Emphasis added.) In Javins v. First National Realty Corp., D.C.Cir., 428 F.2d 1071 (1970), the court held that "by signing the lease the landlord has undertaken a continuing obligation to the tenant to maintain the premises in accordance with all applicable law." *Id.*, at 1081. In so holding, the court was referring specifically to the District of Columbia Housing Regulations, and espe-

cially Section 2501. There, it is provided that premises "shall be maintained and kept in repair so as to provide decent living accommodations for the occupants." This section states expressly that more is contemplated than basic repairs and maintenance to keep out the elements. The purpose is "to include repairs and maintenance designed to make a premises or neighborhood healthy and safe."

It is apparent, therefore, that though appellant is foreclosed from litigating alleged violations existing prior to the last default judgment entered against him in the possessory action this is not the case in respect to violations alleged to have existed in the subsequent period for which rent is claimed. *Javins, supra,* 428 F.2d at 1080–1083.[2] This being so, it was error to grant summary judgment as to this aspect of the case.[3]

On remand the finder of fact, following the procedures set out in *Javins, supra,* should make findings as to (a) whether housing violations existed during the period for which past due rent is here claimed, and (b) if so, what portion, if any, of the "tenant's obligation to pay rent was suspended by the landlord's breach." *Javins supra,* 428 F.2d at 1082–1083. This will be the basis for determining whether a judgment for possession should result.[4] *Id.*

Finally, appellant contends there was a genuine issue of fact as to whether appellant was properly served with process. The landlord submitted an affidavit of a special process server to the effect that he knocked on the front door of the premises, received no answer, left and later returned, again received no answer to his knock and

2. Though appellant did not make the *Javins* contention explicitly in his brief, this was done at oral argument; and, as we have noted, an allegation of continuing violations of the Housing Regulations is contained in his answer to the complaint.

3. When the trial court granted summary judgment in this case, *Javins, supra,* had not yet been decided. This does not deter

a remand for further proceedings under *Javins*, however.

4. Here, as in *Javins*, the complaint seeks possession for nonpayment of rent without requesting a judgment for the rent asserted to be due. But this does not affect the remand procedure outlined above, as *Javins* makes clear. *Javins, supra,* 428 F. 2d at 1082–1083, and cases there cited.

then attached a copy of the summons and complaint to the door by tape. Appellant's wife executed an affidavit stating that she was home throughout the day in question and saw the process server come to the door; and that he did not knock but taped the summons and complaint to the door. Though there was a variance in the assertions of the two affidavits as to whether the process server knocked on the door, the fact remains that appellant actually received the summons and complaint, had actual knowledge of the proceeding and filed a timely answer to the complaint. In these particular circumstances, the trial court did not err in finding no genuine issue of material fact in relation to this contention and that the service was valid. *Cf.* Corpening v. Corpening, D.C.App., 258 A.2d 262 (1969).

Affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.