(27 Misc. Rep. 543.)

## EDELSON v. EPSTEIN.

(Supreme Court, Appellate Term. May 24, 1899.)

APPEAL FROM MUNICIPAL COURT—DEFAULT JUDGMENTS—JURISDICTION.

    An appeal from a default judgment of the New York city municipal court, where resting neither on error of law nor error of fact, does not lie, since application should first be made to the justice to reopen the default, as allowed by Consol. Act, § 1367.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Pauline Edelson, as administratrix, against Hyman Epstein. From a judgment for plaintiff entered on an inquest, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. Charles Weschler, for appellant.
Max Brown, for respondent.

MacLEAN, J. On the day before the summons was returnable, the defendant obtained, on affidavits, an order to show cause why he should not be permitted to deposit the money in court and interplead another person named. The order to show cause and the summons were returnable on the same day. On that day the motion was heard and denied in an order granting "leave to renew said motion, on proper papers, within four days." On the same day, the justice permitted the plaintiff to take an inquest, and from the judgment entered thereon comes the present appeal, which, however, rests neither upon error of law nor upon error of fact. Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638. As the motion to interplead is to be made before answer (section 820, Code Civ. Proc.), it may be that the leave to renew within four days was practically a deferment of the return day of the summons, and that the taking of the inquest was, at least, premature, and therefore a ground for opening the default; but the application therefor should be made to the justice, under section 1367, Consol. Act, which provides for an appeal to this tribunal. The judgment should be affirmed, with costs.

Judgment affirmed, with costs to the respondent. All concur.