### BROWN v. BOUSE.

(Supreme Court, Appellate Term. January 25, 1904.)

1. APPEAL FROM MUNICIPAL COURT—JUDGMENT ON DEFAULT.

Code Civ. Proc. § 1294, provides that a party aggrieved may appeal, except where the judgment was rendered on default. Section 3213 provides that appeals from judgments rendered in a District Court of the city of New York might be taken in cases prescribed in chapter 19, tit. 8, arts. 1, 2. Section 3046, contained in title 8, art. 1, permits appeals from judgments in Justices' Courts in actions wherein the defendant did not appear. Municipal Court Act, § 363 (Laws 1902, p. 1595, c. 580), provides that section 3213 shall not be applied to the Municipal Court. *Held*, that an appeal from a judgment of the Municipal Court rendered on default would not lie; the remedy being to open the default below.

2. SAME.

Municipal Court Act, § 91 (Laws 1902, p. 1519, c. 580), provides that where the defendant does not appear, and his property had been attached under a warrant which has not been vacated, the court must proceed to determine the action, etc. *Held*, that this section was inapplicable where defendant had appeared, but had defaulted in answering, and hence an appeal to the Supreme Court would not lie on such judgment.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by S. Seeley Brown against Garrett A. Bouse. Judgment for plaintiff and defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Steuer & Hoffman, for appellant.
Cromwell G. Macy, for respondent.

FREEDMAN, P. J. The appellant appeals from a judgment entered in favor of the plaintiff herein and states in his notice of appeal that he intends to bring up for review upon this appeal the determination of the trial court in denying defendant's motion to vacate an attachment. The record shows that the action was begun by the service of a warrant of attachment, returnable July 28, 1903; that prior to the return day the defendant appeared specially and moved to vacate the attachment upon the ground of insufficiency of the papers upon which the same was granted. This motion was denied Upon the return day the defendant appeared generally, and the case was adjourned until August 18, 1903; the defendant to answer by August 14, 1903. It was thereafter adjourned from time to time until August 25, 1903, when, the defendant not appearing on the last named day, and no answer having been filed, the plaintiff took a judgment by default, and from such judgment this appeal is taken

The respondent urges that, as the judgment appealed from was taken by default, no appeal will lie. Formerly it was held that although an appeal from a judgment of a court of record, taken by default, would not lie (section 1294, Code Civ. Proc.), a different rule prevailed in respect to appeals from judgments of the District Courts. Hurry v. Coffin, 11 Daly, 180. This decision was based upon section 3213, Code Civ. Proc., which provided that an appeal from a judgment rendered in

a District Court may be taken in the cases and in the manner prescribed in articles 1 and 2 of title 8 of chapter 19 of that act. Section 3046 (being part of article 1 aforesaid) permitted appeals from judgments rendered in actions "wherein he [defendant] did not appear"; and, although the power to open defaults in the District Courts was given, it in no way abridged the right to appeal from a judgment taken by default. 11 Daly, supra. Section 363 of the Municipal Court Act (Laws 1902, p. 1595, c. 580) has, however, repealed sections 3207 to 3214, Code Civ. Proc., inclusive, and provides that none of those sections shall apply to actions or proceedings in the Municipal Court, except as specially provided for in the act. There seems to be no provision in the Municipal Court Act for such an appeal as this, and the appellant herein stands in no better position than if he had defaulted in a court of record. Neither can this case be considered as falling within the provisions of section 91 of the Municipal Court Act, p. 1519 (J. H. Mohlman Co. v. Landwehr [Sup.] 83 N. Y. Supp. 1073), as the defendant appeared in court, although he defaulted in answering. It follows, therefore, that the defendant's remedy is to open his default in the court below, and until he does that he has no standing in this court. See Edelson v. Epstein (Sup.) 58 N. Y. Supp. 334.

Appeal dismissed, with $10 costs. All concur.