the Code of Civil Procedure, relied upon by plaintiff, has no application here. If the plaintiff had desired a stay pending the appeal from the order, an application therefor should have been made to this court. The proceedings in the lower court not having been stayed, the failure of the plaintiff to either obtain a stay or prosecute his action was a justification for the dismissal of his complaint. The judgment must therefore be affirmed.

As the disposition of this appeal leaves no action pending, the merits of the appeal from the order granting a new trial need not be considered, and the appeal from such order should be dismissed.

Appeal from order dismissed, with $10 costs. Judgment affirmed, with costs. All concur.

CANDELORO v. BENVENUTA.

(Supreme Court, Appellate Term. May 19, 1904.)

1. DEFAULT—APPLICATION TO OPEN—APPEAL.
Under Municipal Court Act (Laws 1902, p. 1563, c. 580) § 257, authorizing the court to open a default on motion, no appeal lies from a default judgment in that court.

2. SAME—ORDER OPENING DEFAULT.
Under the express provisions of Municipal Court Act (Laws 1902, p. 1563, c. 580) § 257, no appeal lies in the first instance from an order opening a default and vacating a judgment entered thereon.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Francesco Paolo Candeloro against Lina Benvenuta. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

J. J. Freschi, for appellant.
M. Helfand, for respondent.

PER CURIAM. This is an appeal from a judgment taken against the defendant upon her default in the Municipal Court and from that part of an order imposing terms as a condition for vacating the judgment and opening said default. Under the provisions of the Municipal Court act we have held that, when a defendant has permitted a judgment to be taken against him by default, no appeal lies therefrom, the remedy being to move to open such default under section 253 (Laws 1902, p. 1562, c. 580). Brown v. Bouse (Sup.) 86 N. Y. Supp. 240; Edelson v. Epstein (Sup.) 58 N. Y. Supp. 334. The defendant herein made a motion to open her default, which was granted upon terms. Under section 257 no appeal lies in the first instance from an order opening a default and vacating a judgment entered thereon. It would seem that under the provisions of the Municipal Court act as it now stands the defendant, who has suffered a default judgment to be entered

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 885.

against him, and upon motion been allowed to open such default, has no remedy but to comply with the terms imposed as a condition for such favor granted, and proceed to a trial of his action. We have, however, examined the record herein to the extent of enabling us to say that the terms imposed in this case as conditions upon which the defendant's default should be opened were not an abuse of discretion in the trial court, but were in fact reasonable.

Appeal dismissed, with costs.

---

### STUTSKY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. CARRIERS—RESPONSIBILITY TO PASSENGERS—UNANTICIPATED ASSAULTS.

A street railway is not a guarantor of the safety of its passengers under all circumstances, but is required only to exercise requisite care, and it cannot be held responsible for an assault by one passenger on another, which its servants had no reason to anticipate.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by George Stutsky against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

G. D. Yeoman, for appellant.
Siegel & Louis, for respondent.

PER CURIAM. It was error for the trial judge to deny defendant's motion made at the close of the trial to direct a verdict for the defendant. The evidence does not show that the defendant failed to exercise due care in guarding the plaintiff from injury while he was on the car. He testified he was assailed by three passengers who were on the car; that before he was assaulted they did not say anything to him; that the first thing that happened to him was that somebody pulled his whiskers, and somebody else hit him in the eye. To hold the defendant liable under such circumstances would be to make the defendant guaranty the safety of a passenger under all circumstances while on the defendant's car. All the defendant was required to do was to exercise the requisite care. The defendant's servants had no reason to anticipate or expect that the plaintiff would be injured as he was injured.

Judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1125.