### LEVENSON v. ARNOLD.

(Supreme Court, Appellate Term. February 27, 1906.)

1. APPEAL—RECORD—BRIEFS.

A statement in appellant's brief that he was in court immediately preceding the calling of the case for trial, and went out for a few minutes after obtaining the consent of the opposing counsel to hold the case until his return, and that on his return the case had been heard and judgment rendered against him, and that he requested the court to reopen the case before plaintiff and his witnesses had left the courtroom, cannot be considered where these facts are not shown by the record.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2962.]

2. SAME—DECISIONS REVIEWABLE—DEFAULT.

Where a defendant has once appeared in an action, and afterwards permits default judgment to be taken against him, he cannot appeal from the judgment.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 885–891.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Levenson against Manes Arnold. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Appeal from judgment dismissed, and order affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Charles Tolleris, for appellant.
Samuel Manheimer, for respondent.

SCOTT, P. J. Upon the trial of this action, and while the defendant was offering testimony, he asked leave to amend his answer. The plaintiff's counsel claiming surprise, the court adjourned the case until the following day. Upon the ensuing day, after the calendar had been disposed of, the court called this case for the continuance of the trial. The defendant's counsel being then absent, after waiting a short time, and no one appearing to represent the defendant, the plaintiff introduced some rebutting testimony, and the case was closed. Judgment was subsequently rendered in favor of the plaintiff. The defendant thereafter made a motion for a new trial upon the ground of newly discovered evidence and fraud, under section 255 of the Municipal Court act (Laws 1902, p. 1563, c. 580). This was denied, and the appellant appeals both from the judgment and the order.

It is stated by appellant's counsel in his brief that he was present in court on the morning of the adjourned day, and that while the court was calling the calendar, taking inquests, etc., prior to continuing the trial of this case, the defendant's counsel left the courtroom, intending to be absent but a few minutes, asking and obtaining the consent of the plaintiff's counsel to hold the case until his return, and that upon his return to the courtroom a short time thereafter the plaintiff had offered testimony in rebuttal, as aforesaid, and the case had been closed. It is also claimed in appellant's brief that he requested the court to reopen the case, and that he be permitted to offer his testimony, and that his request was made before the plaintiff and his witnesses had left the courtroom, and in their presence; but nothing of that kind appears in the record, and this court is bound by the recitals therein. The lower court undoubtedly, in such a case, would have the right to have acceded to such a request, and the practice in the Municipal Court being so nearly analogous to that in justices' courts, in the absence of any authority contrary thereto, this court would hold that to refuse such a request would be error. Atwood v. Austin, 16 Johns. 180; Thompson v. Sheridan, 80 Hun, 35, 29 N. Y. Supp. 868.

So far as the record appears, the defendant herein was in default for failing to appear upon the adjourned day, and until such default is opened the defendant has no right to appeal from the judgment entered against him. "The defendant having once appeared in the action, the court obtained jurisdiction, and the defendant, subsequently permitting the judgment by default, is not at liberty to appeal from the judgment." Kerr v. Walter (Sup.) 93 N. Y. Supp. 311; Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240. The decision of the lower court upon the motion for a new trial upon the ground of fraud

and newly discovered evidence was clearly right, and the order must be affirmed.

Appeal from judgment dismissed, with $10 costs, and order affirmed, with costs. All concur.