favor of the plaintiff, as such judgment only represented the difference between the sum actually paid the plaintiff and the lowest rate he would have received under the written contract.

We think, however, the plaintiff is not entitled to recover in any event upon the facts disclosed. The contract was clearly terminable at the will of either party. Martin v. Ins. Co., 148 N. Y. 117, 42 N. E. 416; Outerbridge v. Campbell, 87 App. Div. 597, 84 N. Y. Supp. 537; Byrne v. Weir, 38 Misc. Rep. 741, 78 N. Y. Supp. 1110. When the defendant, by the examination which it had a right to make, ascertained that the plaintiff was incompetent to perform the duties of the position for which he had made application, another position was offered by the defendant and accepted by the plaintiff. The original contract was thus not only by the understanding, but by the acts, of the parties terminated, and a new one entered into, the terms of which were adopted, and the benefits received by the plaintiff. He cannot now resort to the previous written contract for the purpose of enforcing a cause of action against the defendant.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(50 Misc. Rep. 628)

COSTELLO v. FORTY–SECOND. ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term.   April 24, 1906.)

1. JUDGMENT—DEFAULT—SETTING ASIDE.

On a motion to open a default judgment, based not only on affidavits, but on all the proceedings and pleadings and the inquest taken by the plaintiff against the defendant, the testimony given at the inquest will be examined, and where it does not show a cause of action the judgment will not stand.

2. STREET RAILROADS—OPERATION—COLLISION WITH VEHICLE.

Where plaintiff, while standing with his cab three yards from a street car track, saw a car approaching at half speed, but turned and drove on the track, and was struck by the car, he is not entitled to recover for the injuries.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 214.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Michael T. Costello against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From an order denying a motion to vacate a judgment by default and for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

William E. Weaver, for appellant.

Harrie C. Manheim, for respondent.

TRUAX, J.   From an examination of the affidavits submitted on the part of the defendant, it is clear that they do not furnish a sufficient excuse for opening the default. The motion, however, is based not only upon affidavits, but "upon all the proceedings and pleadings had here-

in and the default and inquest taken by the plaintiff against the defendant." The testimony given at the inquest is attached to, and forms part of, the return, and, for the purpose of determining whether or not the default should be opened, we may examine such testimony, with a view of determining whether the same sets forth a cause of action against the defendant, because, unless the plaintiff from the facts shown is entitled to recover, the judgment should not stand. The plaintiff was the only witness sworn in his own behalf. He testifies that he was standing with his cab on Broadway between Forty-Fifth and Forty-Sixth streets, near the center of the block, on the east side of the street. He wanted to go south, and for that purpose started to cross the street. He was then about three yards from the car track, and saw a car at Forty-Fifth street, coming north at "half speed." It is evident that his horse was headed north, as he says: "I was in the center of the square [Long Acre Square], turning to get out." As he was crossing the north-bound track, he was hit by the car. It would appear, therefore, that after he saw the car he turned his horse towards the west, traversed the distance from where he stood to the track, and had got upon the track when struck by the car. Whether the car struck the horse or the cab is not shown. The accident occurred in the center of the block. There was no evidence that the speed of the car was accelerated, nor of any other circumstance showing negligence on the part of the motorman. The mere happening of an accident in such a case is no evidence of negligence, and, under the circumstances disclosed, if the defendant was in any way negligent, the plaintiff was equally so.

Order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.