CATALANO v. NORTH BRITISH & MERCANTILE INS. CO. OF LONDON
& EDINBURGH.

(Supreme Court, Appellate Term.   June 1, 1906.)

1. COURTS—MUNICIPAL COURTS—APPEAL.
    An appeal from a default judgment entered in the Municipal Court
    does not lie.

2. SAME—DEFAULT JUDGMENT—OPENING DEFAULT—STATUTES.
    A motion in the Appellate Term to open a default judgment rendered
    in Municipal Court, based on Code Civ. Proc. § 3064, relating to the
    opening of default judgment rendered in justice's court, must be dis-
    missed, since Municipal Court Act, Laws 1902, p. 1595, c. 580, § 363, ex-
    pressly precludes the applicability of that section to Municipal Courts.

3. SAME.
    Where a default judgment has been rendered in the Municipal Court,
    the remedy of defendant is by a motion in the lower court to open the
    default, and, on the motion being denied, by appeal, as expressly pro-
    vided by Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257.

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Ernest Catalano against the North British & Mercantile
Insurance Company of London & Edinburgh.   From a judgment for
plaintiff, entered by default in the Municipal Court, and from an order
denying a motion to open the default, defendant appeals.   Appeal from
judgment dismissed, order denying motion to open the default re-
versed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Leo Levy, for appellant.

Hobart S. Bird, for respondent.

GILDERSLEEVE, J.   Issue was joined in this action on December
29, 1905, and the cause adjourned from time to time, and finally set
down for trial for March 8, 1905.   Upon that day and for two days
prior thereto the defendant's attorney was actually engaged in the trial
of a cause in the Supreme Court in Brooklyn.   The plaintiff's attorney
was notified of such engagement, and when the case was called in the
trial court an affidavit was submitted to the trial judge setting forth such
engagement and asking for an adjournment.   This request was refused,
and inquest was taken and judgment rendered in favor of the plain-
tiff.   Subsequently a motion was made to open the defendant's de-
fault based upon affidavits setting forth the foregoing facts which mo-
tion was denied.   The defendant appeals from the judgment taken by
default, and also from the order denying its motion to open such de-
fault, and also has made a motion before this court to open such de-
fault, which motion is to be considered upon this appeal.

The appeal from the judgment entered by default must be dismissed.
The rule regarding default judgments in the Municipal Court is now
the same as in the courts of record, and an appeal from such a judg-
ment will not lie in the first instance.   Candeloro v. Benvenuta (Sup.)
88 N. Y. Supp. 357; Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y.
Supp. 240.   See, also, Kerr v. Walter, 104 App. Div. 45, 93 N. Y. Supp.
311.

The motion made by the defendant in this court to open its default is based upon section 3064 of the Code of Civil Procedure, applicable to Justices' Courts, and formerly applicable to Municipal Courts. That section is, however, no longer applicable to Municipal Courts, its application being expressly precluded by section 363 of the Municipal Court act (Laws 1902, p. 1595, c. 580); and the motion made in this court must therefore be dismissed. The only remedy provided for by the Municipal Court act, where jurisdiction of the person of a defendant has been acquired by service of process or general appearance in the action and a default has been taken against him, is by motion in the lower court to open such default, and, if such motion is denied, by appeal therefrom, which appeal is expressly provided for in section 257 of that act. Schrenkeisen v. Kroll (Sup.) 85 N. Y. Supp. 1072. An examination of the affidavits submitted on the motion satisfies us that justice would be promoted by permitting the defendant to have his day in court.

The appeal from the judgment is dismissed, with $10 costs to respondent. The motion made in this court to open defendant's default is denied, with $10 costs to respondent. The order denying the defendant's motion in the court below to open defendant's default is reversed, and a new trial ordered, with costs to the appellant. Costs in favor of one party to be offset against the other. All concur.

