BICK v. BLEECKER.

(Supreme Court, Appellate Term.  November 29, 1907.)

APPEAL—REDUCTION OF JUDGMENT.
>   Where the only competent evidence as to the value of fruit, for the conversion of which plaintiff sued, fixed it at a certain amount, a recovery of a greater sum will be reduced to that sum on appeal.
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4498–4505.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Isaac Bick against Harry Bleecker, sued as Hirsch Doe. From a judgment for plaintiff, defendant appeals.  Reduced and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Bernard Breitbart, for appellant.

PER CURIAM.  It appears from the record that the defendant is the owner of a number of push carts which he rents.  One was rented by the plaintiff, and, not being returned by him, the defendant went to the market and found and took the cart.  There was some fruit in the cart belonging to the plaintiff when the defendant took it, for the value of which plaintiff sued.  There is no competent evidence of the value of the fruit, except that given without objection by the defendant and his witness, which fixes it at $2.

The judgment should be reduced to the sum of $2, and $5 costs in the court below, and affirmed, without costs of this appeal to either party.

---

(56 Misc. Rep. 459.)

OPPENHEIMER v. DEMUTH GLASS MFG. CO.

(Supreme Court, Appellate Term.  November 29, 1907.)

1. APPEAL—RIGHT TO APPEAL—ORDER ENTERED ON APPELLANT'S MOTION.
>   A party cannot appeal from an order vacating a judgment granted on his own motion.
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 970.]

2. COURTS—MUNICIPAL COURTS—DECISIONS REVIEWABLE—ORDER OPENING DEFAULT.
>   Under the express provisions of Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257, no appeal lies in the first instance from an order opening a default and vacating a judgment entered thereon.

3. APPEAL—REVIEW.
>   A judgment which has been set aside is not reviewable.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry Oppenheimer, trading as the Mercantile Printing Company, against the Demuth Glass Manufacturing Company.  From an order granting a motion to vacate a judgment for plaintiff on the

conditions contained in the order, and to review the judgment vacated by the order, defendant appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Robinson, Fishel & Robinson, for appellant.

William N. Loew, for respondent.

PER CURIAM. Judgment having been entered against the defendant by default, he moved to vacate the same and for leave to defend. The motion was granted "on the defendant depositing within three days the full amount of the judgment with the clerk." Ten dollars costs were awarded plaintiff, to abide the event of the action. The defendant appeals from so much of the order as imposed the condition mentioned, "and from each and every part of said order." He also recites in his notice of appeal that he intends to bring up for review the judgment entered in favor of plaintiff.

The order of vacatur was entered on appellant's motion. The order is not appealable for two reasons: (1) Because a party cannot appeal from an order entered on his own motion. Raymond v. Tiffany, 115 App. Div. 350–352, 100 N. Y. Supp. 807. (2) Because the order is not one of the class specified in sections 253 and 257 of the Municipal Court act (Laws 1902, pp. 1562, 1563, c. 580). Bevins & Rogers, App. Court Pr. p. 62. In Benvenuta v. Candeloro, 43 Misc. Rep. 684, 88 N. Y. Supp. 357, this court said:

"Under section 257 no appeal lies in the first instance from an order opening a default and vacating a judgment thereon."

It would seem that, under the provisions of the Municipal Court act as it now stands, a defendant who had suffered a default judgment to be entered against him, and upon motion has been allowed to open such default, has no remedy but to comply with the terms imposed as a condition for such favor granted and proceed to a trial of his action. The judgment is not reviewable, because it has been set aside.

The appeal must be dismissed, with costs.