DAVIES v. MYERS et al.

(Supreme Court, Appellate Term. November 24, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE—DEFAULT.
   No appeal lies from a default judgment in a Municipal Court after a summons has been served.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE—DEFAULT— MOTION TO VACATE.
   An appeal lies from an order denying a motion to open a default judgment rendered in a Municipal Court.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—REVIEW—EVIDENCE.
   Where an appeal is taken from an order denying a motion to open a default judgment rendered in a Municipal Court, and the motion is based not only upon the affidavits tending to excuse the defendant's failure to appear, but also upon testimony taken at the inquest showing that ·plaintiff failed to prove a cause of action, and the testimony is returned upon the appeal, the Appellate Court may examine the record, and, if satisfied that the judgment has no foundation, can open the default in the lower court.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. JUDGMENT (§ 162*)—DEFAULT—PROOF TO SUSTAIN.
   In an action for services, evidence showing that plaintiff performed services at the request of a third person who is not shown to be in privity with defendant is insufficient to sustain a default judgment in favor of plaintiff as against a motion to open the default.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by J. Clarence Davies against Emanuel J. Myers and another for services. From a default judgment, and from an order denying defendants' motion to open the default, defendants appeal. Appeal from the judgment dismissed, and order reversed and default opened.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Myers & Goldsmith, for appellants.
Charles B. Bogart, for respondent.

GILDERSLEEVE, P. J. This is an appeal taken from a judgment entered against the defendants in favor of the plaintiff by default, and also from an order denying the defendants' motion to open their default. No appeal will lie from a judgment taken upon default after a summons has been served, and therefore the appeal from the judgment herein must be dismissed. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240. An appeal from the order denying a motion to open a default will lie, however, and the motion in the court below having been based, not only upon affidavits tending to excuse the defendants' failure to appear upon the trial, but also upon the testimony taken upon the inquest, showing that the plaintiff failed to prove a cause of action against the defendants; and the testimony given upon such in-

quest having been returned upon the appeal herein, this court can examine the record, and, if satisfied that the judgment has no foundation, can open the defendants' default in the lower court. Costello v. 42d St. Ry. Co., 50 Misc. Rep. 628, 98 N. Y. Supp. 648. The plaintiff bases his claim to a recovery herein upon a request made by the defendants to procure a quantity of appraisals. The plaintiff testifies that such request was made "through a Mr. Corbin." No connection whatever is shown between this Mr. Corbin and the defendants, and the evidence of employment of the plaintiff by the defendants is therefore too vague and uncertain to warrant the maintainance of a judgment, when the defendants ask to be permitted to have their day in court. An examination of the affidavits upon which the motion to open the default was based leads also to the conclusion that the defendants' default should have been opened, and the order denying their motion is therefore reversed and their default opened.

Appeal from the judgment dismissed, and order reversed with costs to the appellant to abide the event and defendants' default opened in the lower court. All concur.