### CASTELL v. STERLING FIRE INS. CO.

(Supreme Court, Appellate Term. November 22, 1910.)

1. COURTS (§ 190*) — MUNICIPAL COURT OF NEW YORK — APPEAL — DEFAULT JUDGMENT.

   Where a party fails to appear, and a default judgment is taken, he loses the right to have questions of fact raised before the lower court reviewed on appeal, as no appeal will lie from a default judgment.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL—JURISDICTION —RECORD—NOTICE.

   Where an appellant attacks the jurisdiction of the court which rendered the judgment, and bases his attack upon extrinsic facts, these must be presented to the appellate court by affidavit, or, if they appear in the record, he may rely upon that; but notice of the intention to so rely must be given the respondent, who may present testimony controverting that offered by the appellant.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

   Page, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel Castell against the Sterling Fire Insurance Company. From a judgment by default for plaintiff, defendant appeals. Leave to submit affidavits granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Louis H. Porter, for appellant.

Van Iderstine, Badger & Barker (Wendell P. Barker, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM.   Upon the return day of the summons in this action, the defendant appeared specially, and traversed the return upon the ground that no summons and complaint had been served upon it. Upon the issue thus raised there was evidence given, by the person upon whom the summons and complaint was served, tending to show that he was not one of the persons specified in section 31, subd. 1, of the Municipal Court act (Laws 1902, c. 580), upon whom a summons may be served when the defendant is a corporation.   The trial justice, however, overruled the traverse, denied the defendant's motion to set aside the service, and set the case down for trial.   Upon the day set for trial the defendant did not appear, and judgment was taken against it by default.   From that judgment this appeal comes up; the defendant claiming the right to review the order overruling the traverse and denying the motion to set aside the service of the summons.

By failing to appear upon the trial and permitting a judgment to be taken against it by default, the defendant lost the right to have the questions of fact raised before the lower court reviewed upon an appeal to this court, as a party in default has no standing in court until such default is opened, nor will an appeal lie from a default judgment. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240; Levenson v. Arnold (Sup.) 97 N. Y. Supp. 990.   The Municipal Court act specially provides for the bringing of an appeal where personal service of the summons has not been made, and the limit of time in which such an appeal may be brought is 20 days after personal service of written notice of the entry of the judgment.   Section 311, Municipal Court Act.

Where an appellant attacks the jurisdiction of the court rendering the judgment, and bases such attack upon alleged extrinsic facts, those facts may be presented to the appellate court in the first instance, and they must be made to appear by affidavit, or other competent evidence, and the opposing party must be given an opportunity to controvert the same.   If we should regard this as an appeal taken by virtue of the provisions of section 311 of the Municipal Court act, while the appellant may rely upon the testimony contained in the record as showing nonservice of process, if it so desires, nevertheless the respondent must be allowed to present testimony to the appellate court controverting the evidence offered therein by the appellant.

The practice in such cases is laid down in the case of Austen v. Columbia Lubricants Co. (Sup.) 85 N. Y. Supp. 362, and has always been followed by this court.   It was held, substantially, in Review & Record Co. v. Gilbreth (Sup.) 120 N. Y. Supp. 100, that where the appellant relies upon the affidavits used in the court below, upon a motion made to vacate the judgment, notice of such intention should be given to his opponent.   This rule should be followed when the appellant intends to rely upon the testimony taken in the court below upon such motion.

The record will be returned to the files of this court, and the parties may submit affidavits as to the service at the next term of this court; the appellant to serve and file its affidavits, or a notice to the effect that it will rely upon the evidence in the return as showing nonservice, at least eight days before the first day of the next term, and

the respondent to file answering affidavits on or before the first day of the next term.

PAGE, J. I dissent, on the ground that the court below neither had nor acquired jurisdiction of the defendant, and therefore the judgment should be reversed, and the complaint dismissed.