SCHAFFER v. J. LESOWITZ & CO., Inc.

(Supreme Court, Appellate Term. May 4, 1911.)

JUDGMENT (§ 17*)—ACTIONS—SERVICE OF SUMMONS.

Where the officer's return of service of summons in an action against a corporation disclosed service on a person who had nothing to do with the corporation, and it appeared specially, a judgment against it was void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sarah Schaffer against J. Lesowitz & Co., Incorporated. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

A. Joseph Geist, for appellant.
Zuckerman & Spies, for respondent.

PER CURIAM. The plaintiff heretofore commenced her action against the defendant, and in that action obtained a warrant of attachment. The summons was not served upon any officer of the defendant. The person upon whom service was made was one David Adler, who was not an officer, employé, agent, stockholder, or director of the defendant. On the return day the defendant appeared specially and traversed the return. The court below dismissed the traverse, and the case was set down for December 12, 1910 for trial. On that day the plaintiff took an inquest and obtained a judgment against defendant for $186.29. The defendant thereupon appealed from the order denying a motion to vacate the warrant, made on the ground that the papers upon which it was granted were deficient, and also appealed from the judgment entered against it, on the ground that the court had no jurisdiction to allow the same, inasmuch as the defendant was never served with process.

These two appeals were heard at the February term, 1911, of the Appellate Term. The order denying the motion to vacate the war-

rant of attachment was reversed, and the warrant was vacated; and on the other appeal the appellant was directed to follow the practice laid down in Castell v. Insurance Company, 69 Misc. Rep. 354, 125 N. Y. Supp. 788, which in effect provides that in appeals from judgments, similar to the case at bar, an affidavit should be served and filed at least eight days before the first day of the term, and the record was returned in order to enable the appellant to follow this practice. The appellant has followed this practice, and now asks that the judgment which was entered against it in the lower court be vacated, on the ground that no service of process was ever made upon it.

The return of the marshal shows that one David Adler is the only person who was served, and, as he had nothing to do with the corporation defendant, the judgment taken against the defendant is void, and should be vacated, with costs.

Judgment reversed, with costs, and complaint dismissed, with costs.