### NASSAU FINANCE CO. v. SUFFRIN et al.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEALS—ORDERS REVIEWABLE.
    No appeal lies directly from an order of the Municipal Court denying a motion for the issuance of a commission.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

2. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS APPEALABLE—DEFAULT JUDGMENT.
    No appeal lies from a default judgment rendered by the Municipal Court.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

3. COURTS (§ 189*)—MUNICIPAL COURTS—COMMISSIONS TO TAKE TESTIMONY—DENIAL FOR LACHES.
    Where, in an action in the Municipal Court, commenced on August 4th by a summons returnable August 13th, defendants procured an adjournment until August 25th, for the purpose of filing an answer, and the case was then set for trial on October 1st, a motion by defendants on September 29th for the issuance of a commission to take the testimony of witnesses residing in New Orleans was properly denied, for laches and want of good faith, where the moving papers set forth no reasons for the delay.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District. ·

Action by the Nassau Finance Company against Herman Suffrin and another. From an order denying defendants' motion for the issuance of a commission, and from a judgment for plaintiff taken by default, defendants appeal. Appeals from default judgment and order denying commission dismissed. Order denying motion to open default affirmed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Philip Ordover, of New York City, for appellants.

Max Salomon, of New York City, for respondent.

GUY, J. [1, 2] The appeal taken from the order denying defendants' motion for the issuance of a commission must be dismissed, as no appeal lies directly from such an order. Lassen v. Anthony Stumpf Mfg. Co., 129 N. Y. Supp. 32. Likewise no appeal lies from a de-

fault judgment. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240.

[3] The grounds upon which defendants' motion to open their default is based are that the defendants are residents of the city of New Orleans, La., and that they and each of them, and also two other witnesses, who are also residents of that city, are material and necessary witnesses for the defendants, and that without their testimony defendants cannot safely proceed to trial, and that an application for a commission to take the testimony of such witnesses was made returnable October 1st, which commission was refused. The history of the case shows that the action was commenced by personal service of the summons upon one of the defendants in this city on August 4, 1914, and was returnable on August 13, 1914; that upon the return day the defendants procured an adjournment until August 25, 1914, for the purpose of filing an answer, and the case was then set down for October 1, 1914, for trial; that the defendants made no move for the issuance of a commission until September 29, 1914, two days before the day set for trial, and that the application was denied upon the hearing upon the ground of laches and want of good faith, as shown by the long delay in making such application. The moving papers did not set forth any reasons for such delay, and the motion was properly denied.

Appeal from default judgment and from order denying motion for issuance of commission dismissed, and order denying motion to open default affirmed, with costs. All concur.