# Hartley *v.* Phillips.

*Trust and trustees—Principal and agent.*

When a person takes in his own name a lease, and subsequently executes a declaration of trust in which he declares that he holds the lease in question and other leases in trust for certain persons named, and that moneys which he had received from sale of oil and subletting of land was the property of the said persons, and it appears that none of the cestuis que trust ever had any possession of the lands leased, or did anything personally in reference to them, the cestuis que trust cannot be held personally liable for rentals which the trustee did not pay. In such a case the lessee is not the agent of the cestuis que trust, but a trustee of an active administrative trust.

Argued Oct. 17, 1900. Appeal, No. 62, Oct. T., 1900, by plaintiff, from judgment of C. P. Lawrence Co., June T., 1897, No. 43, for defendant, on case stated in case of Agnew Hartley, administrator of the estate of William A. Seaton v. Pam. Phillips. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Case stated to determine the liability of a lease. The case stated was as follows:

1. On May 7, 1877, William A. Seaton of Marion township, Butler county, Pennsylvania, made, executed and delivered a lease for certain lands in said township.

2. On May 7, 1877, William A. Seaton received $115, being a payment of rental made under the terms of said lease, the receipt therefor being indorsed on said lease, and is in the following words and figures, viz:

"Received May 7th, 1877, of E. I. Agnew by W. P. Braham, One Hundred and Fifteen Dollars, first annual payment in full on the foregoing lease.

"$115.00.　　　　Wm. A. Seaton."

3. On June 27, 1877, E. I. Agnew, under his hand and seal, attested by J. McMichael and W. M. Brown, and acknowledged on June 28, 1877, before W. M. Brown, notary public, executed and delivered the paper hereinafter referred to.

4. On May 11, 1885, Agnes J. Phillips and Charles M.

Phillips and Jane M. Phillips, his wife, in right of Jane M., Thomas W. Phillips and Pam. Phillips, his wife, in right of Pam., under their hands and seals, attested by John B. Brown and D. B. Kurtz as to the first three names, and Hattie R. Hart, executed and delivered to David Osborne a paper which was acknowledged May 11, 1885, by Agnes J. Phillips, Thomas W. Phillips and Pam. Phillips, before John B. Brown, alderman, and acknowledged June 17, 1885, by Charles M. Phillips and Jane M. Phillips, before Frank M. Ward, notary public, and recorded March 18, 1889, in the recorder's office of Lawrence county, Pa., in deed book 52, page 324.

5. No payment has been made on or under said lease other than the payment of $115 made on May 7, 1877.

6. That William A. Seaton has since died intestate and letters of administration were on April 26, 1897, in due form of law, issued to Agnew Hartley, who qualified as administrator, and entered on the discharge of his duties. The said Seaton died on March 20, 1897.

7. That on October 27, 1896, said William A. Seaton put the lease in the hands of an attorney with direction to collect the unpaid rentals, but that no action at law was begun in the lifetime of William A. Seaton, and no action was commenced until the present suit was brought, which was May 4, 1897.

8. That E. I. Agnew secured and took a large number of leases in the manner set out and stated in said papers and that he controlled and operated, sold and managed the same and the product therefrom as stated and set out therein.

9. That the lease, was never surrendered or delivered to William A. Seaton in his lifetime or to his administrator since his death.

10. That the land upon which this lease was situated is in the county of Butler, Pennsylvania.

11. That neither E. I. Agnew in his lifetime nor David Osborne after him, ever took any possession or did anything upon the land in pursuance of the lease.

12. That Agnes J. Phillips, Martha J. Phillips, Jane M. Phillips and Pam. Phillips, the ladies mentioned as beneficiaries in exhibit " B," were severally married women for a period long before the making of the writing, exhibit " B," and before the making of the lease, exhibit " A." The said Agnes J. Phillips being the wife of Isaac N. Phillips, Jane M. Phillips

being the wife of Charles N. Phillips, Martha J. Phillips being the wife of John T. Phillips, and Pam. Phillips being the wife of Thomas W. Phillips. That the said Pam. Phillips has continued to be and still is the wife of the said Thomas W. Phillips.

13. That none of these ladies ever had any possession or did anything themselves, personally, in reference to the property mentioned in exhibit " A."

14. If, upon the foregoing facts, the court shall be of opinion that the plaintiff is entitled to recover anything, then said court shall enter judgment in favor of the plaintiff against the defendant for so much as in the opinion of the court he shall be entitled to recover. If, on the other hand, the court should be of opinion that the plaintiff is not entitled to recover, then judgment to be entered for the defendant. And either party shall have the right to an appeal from the judgment entered by the court below to the proper appellate court.

The lease referred to in the case stated contained covenants to pay royalties and rentals and to prosecute mining operations, and also various other covenants.

The declaration of trust executed by E. I. Agnew on June 27, 1877, contained the following clause :

" Now, know ye, that I, the said E. I. Agnew, do hereby acknowledge and declare that all the leases of lands for oil purposes which have been made by me or which have by any persons been assigned, transferred or conveyed to me since said March 15, 1875, and all purchases of or options to purchase oil lands which I may have made either by deed, contract or otherwise since said date, and all and every the titles; interests, claims and estates of every kind and character which I may have acquired or may have or hold by any means whatever in or to any of said lands themselves are held, possessed, occupied and controlled by me in trust for the use of said Pam. Phillips, Jane M. Phillips, Agnes J. Phillips and Martha J. Phillips, their heirs, executors, administrators and assigns, forever, and not otherwise, and I do hereby further acknowledge and declare that all the judgments, debts and claims so as aforesaid purchased by me or assigned to me were purchased with the proper money of said four ladies and held by me only in trust for them, their executors, administrators or assigns, and not otherwise.

"And I do hereby further acknowledge that all the money which I have received from the sale of oil, from subletting land for oil purposes or from any other sources or by any other means whatsoever, connected with the business hereinbefore mentioned, as well as all the personal property which I have purchased for the purpose of developing any of said land or carrying on said business, is the proper money and property of the said ladies and held by me in trust for them.

"And I do hereby acknowledge and declare that all future purchases of oil lands which I may make or procure and all property and effects of every kind and character and kind whatever, real, personal or mixed, which I may obtain, secure or have, or of which I may become seized or possessed in prosecuting or conducting the said business as hereinbefore mentioned, or as I may hereafter be by them directed and authorized to prosecute or conduct it, shall be by me held in trust for the use of the said Pam. Phillips, Jane M. Phillips, Agnes J. Phillips and Martha J. Phillips, their heirs, executors, administrators and assigns forever. And that I, my heirs, executors, administrators or assigns, shall at any time or times hereafter upon this request and at their charges convey by deed or otherwise as may be proper to said ladies or to such person or persons as they may direct, all or any part of said property, real or personal, which I may have or hold, at the time of making such request, but nothing herein contained shall be construed to interfere with my transferring, conveying or disposing of all or any part of said property, either real or personal, in my own name and as my own for the purpose of carrying on the said business as I have heretofore done, or as I may hereafter be directed to do."

The court entered judgment for defendant on case stated, WALLACE, P. J., filing the following opinion:

This case comes before the court in the form of an action to recover from Pam. Phillips by reason of a certain lease for lands signed and executed by one E. I. Agnew and William A. Seaton, dated May 7, 1877. It comes in the way of a case stated, the facts being agreed upon by the parties. The case takes the nature of a special verdict leaving the questions of law arising under the facts to be determined by the court.

The first question that we meet is, what is the relationship between the plaintiff and the defendant ? In order to determine this another question arises, what is the relationship between E. I. Agnew and the defendant ? This last question is the main question in our opinion and where the counsel for the parties differ. Agnew signed the lease and made the first payment and thereby undertook to carry out the covenants and become liable on said contract with William A. Seaton for any covenants mentioned and stipulated in said lease. As between Agnew and Seaton there would be no question as to Seaton's rights.

The plaintiff contends that by virtue of Agnew's declaration of trust dated June 27, 1877, he became the agent of the defendant in all of these transactions, and that the defendant, by signing the indenture transferred to Osborne in 1885, thereby ratified and accepted all the business and covenants contained in the agreement made by said Agnew.

If the plaintiff is entitled to recover, he must recover by reason of Agnew being an agent of defendant and by her accepting and ratifying the acts and covenants of said Agnew.

Before going to that question let us look at the relationship between the plaintiff and defendant. The defendant was not a party to the lease ; she did not sign it or take anything under it. In other words, there was nothing in the lease or the transaction at the time of the making that would in any way create a privity of contract. Privity of contract is the relationship that exists between two or more contracting parties. It is essential to the maintenance of an action on any contract that there should subsist a privity between the plaintiff and defendant in respect to the matter sued on. We cannot, therefore, say that any such privity existed in this case.

Again, defendant never took possession of said lands under said lease or did any other thing with said premises that would vest in her a privity of estate. Privity of estate is that which exists between lessor and lessee, tenant for life or remainderman or reversioner, etc., and their respective assignees, and between joint tenants and copartners. None of these conditions exist in this case, hence plaintiff cannot recover by reason of any privity of estate. Having determined that neither privity of contract nor privity of estate existed between the plaintiff

and the defendant, then we must determine whether Agnew was an agent or a trustee.   Taking the declaration as a whole, we believe that Agnew held the position of a trustee and not as an agent.   That he held the position of an active trustee in whom the leasehold was vested and, therefore, was liable as a trustee for the performance of the covenants during the continuance of his active trust.

"Trustees are bound by their personal covenants : " Hill on Trusts.   True, had the trustee in this case been an inactive trustee, with nothing to do but hold the lease for some other person to whom it rightfully belonged, and who was in possession and charge of said leasehold, then a different question presents itself, but such is not our case.   It cannot be that both the trustee in active operation and carrying on business, making contracts and covenants, can be personally bound, and at the same time bind by his acts the beneficiary who has never taken any part, given any instructions or in any way assumed the responsibilty of said business or covenants.

Hence we conclude that under this state of facts the beneficiary cannot be held liable for the personal covenants made by the active trustee.

There was a great deal of stress placed by plaintiff's attorneys upon the fact that at the death of Agnew defendant made and executed an indenture to one Osborne similar to the declaration made by Agnew.   This for the purpose of showing ratification of the alleged acts of Agnew as agent.   We cannot agree in this way, as we look upon the trust held by Agnew as an administrative trust, and one that in case no action had been taken as to his successor would have passed to his legal representatives, and hence no privity of estate passed to the defendant at the death of Agnew, as claimed by plaintiff. Even if otherwise it would only have been momentarily, as this deed conveyed all the rights that were in Agnew directly to Osborne to hold in the same relation as trustee as did Agnew in his lifetime.

There is another phase of this case, that of coverture, which is raised by defendant, she being a married woman, but as in our opinion the above questions settle the rights of plaintiff and defendant, we will not discuss the question of coverture.

Now, March 5, 1900, judgment is entered upon the facts stated in the above case for the defendant.

*Error assigned* was the judgment of the court.

*J. Norman Martin*, with him *William H. Dodds*, for appellant.—We submit, that under the agreed facts and exhibits, E. I. Agnew was agent for defendant and acted in that capacity in securing the lease and conducting the business: Smith v. Loafman, 145 Pa. 636.

A person employed to do a thing which the employer himself could do is an agent: Story on Agency, sec. 3; Bolles v. State Trust Co., 27 N. J. Eq. 308; Ghormley v. Smith, 139 Pa. 584; 1 Lewin on Trusts, chap. 1.

The principle governing this case is clearly stated in the following authorities: Ford v. Williams, 21 How. 287; Veazie v. Williams, 49 U. S. 134; Elwell v. Chamberlin, 31 N. Y. 611; Story on Agency, sec. 420; Ilsley v. Merriam, 7 Cush. 242; Barry v. Page, 10 Gray, 398; Steinman v. Ewing, 43 Pa. 66; Steffen v. Smith, 159 Pa. 207; Swayne v. Lyon, 67 Pa. 440; Bond v. Bunting, 78 Pa. 210; Seeds v. Kahler, 76 Pa. 267; Sixbee v. Bowen, 91 Pa. 149; Shuster v. Kaiser, 111 Pa. 220; Bortz v. Bortz, 48 Pa. 382.

*S. W. Dana*, with him *D. B. Kurtz, L. T. Kurtz, S. D. Long* and *R. F. Dana*, for appellee.—There can be no question that there was in this case a special trust, an active administrative trust. All the property was to be and remain in the trustee, for the purpose of the trust, the development of the land, the carrying on the business in relation to it, and the disposition thereof. The beneficiaries might terminate the trust by asking for a conveyance. But so long as it continued, the whole estate and property was in the trustee for management and disposition: Dodson v. Ball, 60 Pa. 492; 1 Lewin on Trusts, *238; Hill on Trustees, 432; Newkumet v. Davidson, 13 W. N. C. 10; Hannen v. Ewalt, 18 Pa. 9; Wickersham v. Irwin, 14 Pa. 108; Berry v. McMullen, 17 S. & R. 84; Elkinton v. Newman, 20 Pa. 281.

OPINION BY MR. JUSTICE POTTER, January 27, 1901:

The proper determination of this case turns upon the relation established between the defendants and E. I. Agnew who signed the lease, upon which this suit is brought. The plaintiff contends that Agnew was only an agent, while the defendants maintain that an active trust existed. The court below took the latter view in deciding upon the facts submitted by the case stated.

While it may be difficult to define strictly, at all times, the line between a trustee and an agent, yet in this case, we are of the opinion that there was far more than an agency in the relationship between Agnew and the defendants. The judgment and discretion required, were such as to constitute an active, administrative trust; we can see no error in the conclusion that Agnew held the position of a trustee and not that of an agent. We think the learned judge of the court below rightly disposed of the questions presented for consideration, and upon his opinion the judgment is affirmed.