## Rothermel, Jr., Trustee, etc., v. Nirdlinger et al.

*Roberts & Montgomery*, for plaintiffs.

*Sundheim, Folz & Sundheim, Wolf, Block, Schorr & Solis-Cohen* and *Arthur S. Arnold*, for defendants.

KUN, J., Oct. 29, 1929.—Plaintiffs leased certain premises to Realty Associates, Inc., a corporation, for a term of ninety-nine years by an indenture which provided that the lessee should pay certain monthly rentals, and, in addition, taxes assessed against the property. The lease conferred on the lessee the right of assignment and subletting without the consent of lessors.

Realty Associates, Inc., by an assignment under seal, assigned and transferred the leasehold to Samuel Gross, in consideration of his agreement to pay the Realty Associates, Inc., $157,500 in annual payments of $7500 each, in addition to Gross's undertaking to pay the rental and the taxes and all other charges reserved under the parent lease from the plaintiffs. In order to secure the payment of these sums by Gross, the assignment provided that the parent lease from the plaintiffs should be deposited with A. M. Greenfield & Co., a real estate brokerage corporation, which was to hold the lease until the full consideration of $157,500 was received by Realty Associates, Inc. Until that time Greenfield was to act as exclusive agent for the rental of the property, and from those rents Greenfield was to pay: First, the rent reserved in the lease; second, the annual payment of $7500 to Realty Associates, Inc., and the balance to Samuel Gross, the assignee.

Plaintiff instituted this suit against the defendants to recover arrearages of monthly rentals and of taxes, alleging that in taking the assignment of the lease Samuel Gross was acting as agent for the defendants, averred to be the undisclosed principals of Gross. This is specifically pleaded by the plaintiffs in paragraph No. 6 of the statement of claim as the apparent basis of their alleged right of recovery against the defendants, and they argue, in addition,

that defendants are liable to them on the theory of privity of estate, although there is no allegation that the defendants, or any of them, ever took possession of the premises. The contention, it seems, is that the assignee, Samuel Gross, being the agent, as alleged, of the defendants, the undisclosed principals had the right to possession through him, whether they had actual possession or not, and, therefore, the defendants can be held liable on the principle of privity of estate. Obviously, the second contention depends on the ability of the plaintiffs to establish the first contention. Indeed, if they can establish the first contention, they have no need for making the second.

The plaintiffs argued their case as though it had to do with a simple contract under seal. It is quite true that in a case of any sort of a simple contract, including one for the sale of real estate, under seal or otherwise, it is permissible to show that one or the other of the parties acted for an undisclosed principal. It is indeed "text-book law," as was said by the court in Lancaster v. Knickerbocker, 153 Pa. 427, at page 432. That is all that the cases cited by the plaintiffs show.

The case before the court, however, is not concerned with a simple contract. We have here a lease of real estate, which is a form of a deed, and an assignment thereof. It is equally well settled, and, therefore, the proposition may be referred to with equal propriety as "text-book law," that an unnamed or undisclosed principal is not liable for rent upon a lease made by his agent. Of course, the same would apply to an assignee of a lease: 36 Corpus Juris, 370; 16 Ruling Case Law, 597; 32 Am. Law Reps. 162-164. "The fact that the lessee takes a lease for an unnamed principal, but in his own name, will not render the unnamed principal liable for rent:" 36 Corpus Juris, 370. This rule has been enforced without exception. The cases from the various jurisdictions are collated in a note in 32 Am. Law Reps. at page 162, et seq.

In Borcherling v. Katz, 37 N. J. Eq. 150, it was held explicitly that under a lease with a "straw-man," his principal could not be subjected to liability for rent. Vice-Chancellor Van Fleet said, at page 154: "I think it may safely be said that no instance exists in which some other person than the lessee named in a lease, under seal, has been held liable in equity for the rent reserved by the lease, on the ground that he was the undisclosed principal in the transaction, and liable, as such, by force of the rule which renders an unnamed and unknown vendee liable for the price of goods purchased by him through his agent."

The Vice-Chancellor then discussed other theories of liability—the fact that the agent was a trustee for the principal, the fact that the principal was in possession—and held that none of these facts would impose liability on the principal. His decision examines the English authorities and is in accord with the rule therein laid down. See Berkeley v. Hardy, 5 B. & C. 355; Sheldon v. Dunlap, 16 N. J. Law, 245; Walters v. Mining Co., 5 De G. M. & G. 629; Cox v. Bishop, 8 De G. M. & G. 815.

In Cox v. Bishop, supra, Lord Justice Knight Bruce said: "Possession and enjoyment do not create a trust between the lessor and the equitable assignee which can give the former a title to relief against the latter. The possession by itself would not; nor would the equitable assignment by itself; nor can the union of the two."

These cases have been followed and approved in the cases of Gibson v. Victor Talking Machine Co., 232 Fed. Repr. 225; Henricus v. Englert, 137 N. Y. 488; Lenney v. Finley, 118 Ga. 718; Walsh v. Murphy, 167 Ill. 228; Kiersted v. Orange, etc., 69 N. Y. 343.

The subject was elaborately discussed in the leading English case of Walters v. Mining Co., 5 De G. M. & G. 629, at page 639, where the Lord Chan-

cellor held that where "the legal lessee is a mere trustee for others who have, in fact, occupied the land, the landlord may not recover rent under the lease from the *cestuis que trustent* as equitable debtors" or upon any other principle.

The English cases go much further than it is necessary for us to go in the instant case because it is not alleged that the defendants, or any of them, ever in fact occupied the leased premises.

In New York, the question was flatly decided in Kiersted *v.* Orange R. R. Co., 69 N. Y. 343, where Andrews, J., in the Court of Appeals, held that the obligations in a lease could be enforced only against a party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as the agent for another. In the New Jersey case of Beck *v.* Eagle Brewery, 30 Atl. Repr. 1100, the court, citing the authorities, laid down the principle as follows: "The rule that an unnamed and unknown principal shall stand liable for the contract of his agent does not apply to a demise under seal. The relation between the owner of the land and those who occupy it is of a purely legal character, and the fact that the lessee takes a lease for an unnamed principal, but in his own name, will not render the unnamed principal liable for the rent."

There is no direct authority upon the exact question in Pennsylvania, although the case of Dietz *v.* Girard Craftsman's Club, 9 D. & C. 805, might well have been decided on the principle that no one but a party named therein could be held on a deed *inter partes* in which are included deeds, mortgages and leases, and that in such cases the well-recognized principle of liability of an undisclosed principal in suits on simple contracts, with or without seals, does not apply. The foregoing, it seems to me, disposes of both contentions of the plaintiffs, the claim of liability of the defendants, on the theory of privity of estate, depending, as it does in this case, on the establishment of liability of defendants as undisclosed principals of the assignee, Samuel Gross, in the absence of any allegation that the defendants actually were in possession of the premises. In other words, since, as I hold, the rule that an undisclosed or unknown principal is liable for the contract of his agent does not apply to a demise under seal, I cannot follow the reasoning which would hold the unnamed principal liable on the theory of privity of estate, because of the mere right of possession, based on the argument that the unnamed principal had the right of possession because his alleged agent, the assignee, had the right of possession.

A different situation might have arisen had the defendants actually taken possession under the assignment to their alleged agent, although even in such a situation it seems, under the English and other cases which have been cited, they could not be held liable. There is no contention, however, in the case that the defendants did actually take possession of the premises. It would be a curious state of the law, holding, as it does, that an undisclosed principal cannot be held liable on a demise under seal made by his alleged agent, that would permit the contention to prevail that, notwithstanding such law, the undisclosed principal may nevertheless be shown and then permit the argument to prevail that because he has whatever rights his agent may have, and since his agent, assignee of the lease, has thereby the right of possession, he, the undisclosed principal, has the right of possession, and, therefore, on that ground is liable to the original lessor on the principle of privity of estate, although he could not be held liable as undisclosed principal. The cases cited are flatly against any such contention.

The real situation is that when one takes a lease for another, he does not hold the term as agent for the other, but rather as trustee for the other; as

where one takes as grantee for another. He is not the other's agent—he is the other's trustee. When one contracts for another, he is the other's agent; but when one takes title for another or takes a lease for another, which is a kind of title, he is then not an agent but a trustee. An agent contracts for another. He never holds title to the subject-matter of the contract. For instance, A may contract to purchase certain premises from X. A defaults. Z may file suit against B for the breach of contract, alleging that B is the undisclosed principal of A. However, if there is no default in the contract and the negotiations proceed to the next stage, and title is passed by X to A, in connection with which A undertakes certain covenants and obligations, and then there is a default, X could not sue B for any breach on the ground that B was the undisclosed principal of A. The reason is that the status of A changed. A, who was admittedly B's agent in the contract, became trustee for B when he took title in the subject-matter of the contract.

And so, in the instant case, even had Samuel Gross, assignee, executed a declaration of trust in favor of the defendants, that he held the lease for them and that they were entitled to the moneys which he received from subletting the premises, they could not be held liable: Hartley v. Phillips, 198 Pa. 9. This is in line with the English cases and those of other jurisdictions which have already been cited.

If the case of Morgan v. Yard, 12 W. N. C. 449, can be construed as having laid down a different rule, it was certainly overruled in principle by the Harley case. The Morgan case may well rest on its own peculiar facts. In that case, H. H. Yard purchased a leasehold at public sale. Subsequently, a deed for the leasehold was, at the request of Yard, made to one J. P. Felton. The testimony tended to show that Felton was merely the agent of the defendant and as such took possession of the leased premises. The court entered a non-suit. This judgment was reversed. The real basis of the reversal seems to be indicated in the statement of the court on page 450: "The testimony tended to prove that defendant had not only the right of possession and enjoyment, but actually exercised it." The non-suit was taken off, but what happened after that is lost in obscurity. The case has never been referred to in any other case since. The opinion is very sketchy and contains no reasoning. Certainly, the instant case is ruled more by the Harley case than the Morgan case, so far as the decisions in Pennsylvania are concerned.

Other cases cited on behalf of the plaintiffs to support their contention that the defendants may be held liable on the ground of privity of estate are inapplicable to the facts as alleged in the plaintiff's statement of claim, because in every one of the other cases cited by the plaintiff the necessary fact appears that the defendant in each case was in possession of the premises. That is, after all, the real basis of liability on the principle of privity of estate, existing only so long as the possession continues. It is in no way dependent on contract. There is no allegation or contention in the case that defendants ever took possession of the premises. There is, therefore, no valid basis for the argument made by the plaintiffs that the defendants can be held liable to them on the ground of privity of estate. The statement of claim indeed bases the action against the defendant, as already stated, on the ground of privity of contract, alleging that Samuel Gross, the assignee of the lease, was the agent for the defendants, who were his undisclosed principals. That is the pleading in plain language before the court. It has been shown, however, that the authorities uniformly hold that an unnamed or undisclosed principal is not liable for rent upon a lease by his alleged agent, that the liability of an undisclosed principal is not applicable to a demise under seal.

The cause of action as set forth by the plaintiffs is not maintainable. The affidavits of defense raising questions of law are sustained, and judgment thereon is entered for the defendants.