## HINKLEY MOTORS & PARTS CORPORATION v. GENERAL INS. CO. OF AMERICA.

District Court, S. D. New York.
Dec. 15, 1931.

Cardozo & Nathan, of New York City (Brison Howie, of New York City, of counsel), for the motion.

Fox, Wintner & Schur, of New York City (Robert J. Fox and Hugo Wintner, both of New York City, Henry C. Walters, of Detroit, Mich., and Robert P. Schur, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

The plaintiff's motion is denied.

I. The plaintiff was the owner of premises which were located at 1218 Wildwood avenue in Jackson, Mich., on which there was machinery, stock, and other contents for the reconstruction and repair of motorcars.

On December 14, 1926, this property was badly damaged by fire.

At the time of the fire the plaintiff had, so far as appears herein, two fire insurance policies covering the property mentioned, one with the Globe & Rutgers Fire Insurance Company in the amount of $275,000, and another with the defendant here, the General Insurance Company of America, in the amount of $50,000.

Claims are alleged to have been duly made against the two companies, and, on refusal of the companies to pay the claims, the plaintiff brought separate actions against the two companies in the New York Supreme Court for New York County.

II. The instant case was duly removed by the General Insurance Company of America to this court.

The case against the Globe & Rutgers Fire Insurance Company was tried in the New York Supreme Court for New York County in June, 1930, and resulted in a verdict for the plaintiff in the sum of $129,349.-81 with costs. Judgment on the verdict was duly entered on June 25, 1930.

It is common ground that the state court action was tried for the defendants by the firm of lawyers who represent the defendant in this case.

III. In the answer in both cases two separate defenses were pleaded by the respective defendants in almost exactly the same language.

As a third separate defense it is here pleaded in the answer to the original complaint—as it was in the answer of the Globe & Rutgers Fire Insurance Company—that the fire policy in question here became by its terms void because the insured plaintiff, after loss, filed fraudulent proofs of loss in an exaggerated sum and fraudulently stated that it was without knowledge of the cause of the fire.

As a fourth separate defense, it is pleaded, as it was in the other action, that the fire was intentionally caused by the plaintiff, and, consequently, that the plaintiff was guilty of arson.

IV. After the above-mentioned judgment in the state court action, the plaintiff herein, in order here to avail itself thereof on the two most serious issues raised herein, filed, by leave of this court, a supplemental complaint in order to inject this adjudication into its controversy with this defendant.

To this supplementary complaint the defendant has filed an answer which contains certain denials and a single separate defense.

The present motion seeks to strike out the third and fourth separate defenses in the answer to the complaint herein and the single separate defense to the supplemental complaint.

V. The supplemental complaint alleges as its necessary gravamen:

"Fourth: That the defendant herein and said Globe & Rutgers Fire Insurance Company entrusted the investigation and defense of the plaintiff's claims against the defendant herein and said Globe & Rutgers Fire Insurance Company, and the defense of the actions brought by the plaintiff against them, to the Western Sprinkled Risk Association; that said Association selected the attorneys to represent the defendant herein and said Globe & Rutgers Fire Insurance Company and controlled the conduct of the defense of said claims and said actions, and that said Association and said attorneys represented not only said Globe & Rutgers Fire Insurance Company but the defendant herein as well; that the defendant herein for its own interest joined in the defense of said action brought against said Globe & Rutgers Fire Insurance Company in the Supreme Court, New York County, and in all proceedings taken therein on behalf of the defendant in that action and of the defendant herein; and that such joinder of the defendant herein in the defense of said action in the Supreme Court, New York County, and in the other proceedings aforesaid, was open, avowed and known to plaintiff.

"Fifth: That the defendant herein agreed with said Globe & Rutgers Fire Insurance Company to pay, and has paid or is liable for, its proportionate share of the expenses and costs incurred in connection with the investigation of plaintiff's said claim and the defense of said action brought against said Globe & Rutgers Fire Insurance Company in the Supreme Court, New York County."

By the supplemental complaint the plaintiff thus seeks to bring itself within the principle, of what I may call derivative res adjudicata, laid down by the Circuit Court of Appeals for this circuit, in the case of Columbia Insurance Co. et al. v. Mart Waterman Co., Inc., 11 F.(2d) 216.

The answer to the supplemental complaint admits, of course, that an action was brought in the state court against the Globe & Rutgers Fire Insurance Company; that the plaintiff's property was covered by the policies of that company and of this defendant; and that defenses similar to the third and fourth defenses, here pleaded to the original complaint, were interposed by the Globe & Rutgers Fire Insurance Company. It admits further the verdict and judgment for the plaintiff in the state court action and that the same attorneys represented the Globe & Rutgers Fire Insurance Company in the state court action as represent this defendant here, and that this defendant has agreed to pay its proportionate share of the costs and expenses of investigating the claim and of the defense of the actions brought against the defendants severally.

The answer to the supplemental complaint then sets forth the following separate defense at which this motion is aimed: "Second: That this defendant was not, at any time in the complaint or answer mentioned, a member of the Western Sprinkled Risk Association and that at all times this defendant had and has the sole and absolute control and management of the defense of this action and that the pleadings and issues in this action and in the action against the Globe & Rutgers Fire Insurance Company are different as by reference thereto will appear and that the answer in this action contains two separate affirmative defenses not contained in the action brought against the Globe & Rutgers Fire Insurance Company nor litigated on the trial of that action and that annexed hereto and made a part hereof and marked Exhibit 'A' is a copy of the complaint and answer in said action against the Globe & Rutgers Fire Insurance Company and that said Globe & Rutgers Fire Insurance Company has duly appealed to the Appellate Division of the Supreme Court in the First Judicial Department from the judgment against it and said appeal is now pending in said Appellate Division, and that the respective defendants have, at all times, openly and avowedly declared their intention to try each action herein and that the plaintiff did not, at any time, until after the entry of the judgment aforesaid, make any claim that the result of the said action against the Globe & Rutgers Fire Insurance Company was in any way binding in this action but, on the contrary, both the plaintiff and the

respective defendants well understood 'that such action against the Globe & Rutgers Fire Insurance Company was in no sense a test case and was not to have any effect whatever upon the other actions."

VI. The function of a supplemental pleading such as we have here is to broaden the scope of the issues in an action owing to the light thrown on it by events which have occurred subsequent to the joining of issue on the original pleading.

The crux of the matter here, therefore, is whether the affirmative defense contained in the answer to the supplemental complaint is sufficient to put the third and fourth defenses of the original answer outside the ambit of res adjudicata under the doctrine of the Columbia Insurance Company case above mentioned.

The basis of the decision of the Circuit Court of Appeals in that case was thus stated by Judge Hough in 11 F.(2d) 216, at page 219:

"We hold that the true line of decision here is this: By the pooling agreement and their conduct under it the nine insurers became privies to the Eastern District suit. One man becomes privy to another when he agrees to be bound by the act of a third person; and these six insurance companies at bar agreed to be bound by the acts of the other three insurers in defending the Eastern District suit. There was privity in contract. Woods v. Ayres, 39 Mich. 345, 33 Am. Rep. 396; Hartley v. Phillips, 47 A. 929, 198 Pa. 9:

"It cannot be doubted that the six companies would be liable for their pro rata shares of the Eastern District judgment, and liability could be enforced against them by the three companies who paid. The relation is in some respects that of suretyship, and privity of contract is enforceable even by a third person, as in cases of which Towle v. Towle, 46 N. H. 431, is a good example."

Under the separate defense to the supplemental complaint the defendant here alleges that it had absolute control of its own defense in this action, calling to witness thereof two separate defenses not contained in the answer of the Globe & Rutgers Fire Insurance Company in the state court action which are here pleaded; alleges that the state court action was in no sense a test case by any agreement between the parties, and that, furthermore, the only agreement between this defendant and the Globe & Rutgers Fire Insurance Company is that this defendant should pay its several proportionate share of the costs and expenses of investigating and defending itself against the plaintiff's claim.

I hold, therefore, that whilst the agreement between the defendants in the Columbia Insurance Company case may fairly be said to have taken them into the zone of contractual responsibility for the loss, and, hence, into the zone of substantive law, here, so far as the pleadings show, the only commitments between the defendant and the Globe & Rutgers Fire Insurance Company were confined to the zone of sharing the expenses of investigation and defense, which limits them to the adjective law—to matters of trial procedure only.

Consequently the judgment against the Globe & Rutgers Fire Insurance Company was not a judgment against a party who was in privity with this defendant.

To hold otherwise would, I think, be to stretch the doctrine of res adjudicata as embodied in the Columbia Insurance Company Case beyond its breaking point. For here, there was, apparently, nothing further between the defendant insurance companies than an arrangement, based on convenience and economy, whereby the expense of preparation for the defense of the actions brought separately for the same fire was to be shared by two defendants who were otherwise wholly independent, and the two actions were to be tried by the same firm of attorneys who were to be severally employed by the defendants—obviously sensible strategy.

It would be most regrettable, I think, if, through fear of such results as the plaintiff seeks to impose on this situation, litigants should be deterred from making such mutually useful agreements as that made by the insurance companies in the two actions here under consideration.

VII. If not agreed in form, an order denying this motion may be settled on two days' notice.